William J. Regan, S.
This is a proceeding to reform the trust provisions contained in the last will and testament of Willard J. Danforth, deceased. The will contains the usual marital deduction trust as to one half of the residuary estate, which is referred to therein as "Trust A”. The balance of the residuary is placed in trust with the income payable to the widow, Adelaide N. Danforth, for life, and this trust is referred to in the will as "Trust B”. Upon the death of the widow, the corpus of Trust A, if any, and the corpus of Trust B, is to be paid to designated charities. Trust A, however, is subject to the exercise of the power of appointment granted to the widow. The petitioners have been notified by the Internal Revenue Service that the remainder interest of Trust B does not qualify as a charitable gift by reason of its failure to comply with the Tax Reform Act of 1969. By reason thereof an additional tax has been assessed against the estate in the sum of approximately $33,000. Petitioners request a reformation of the will so as to come within the requirements of Public Law 93-483, a bill which added section 2055 (subd [e], par [3]) to the Internal Revenue Code and was signed into law on October 26, 1974, the effect of which will bring the trust provisions of this will into compliance with the Tax Reform Act of 1969 and thus authorize the allowance of such a charitable deduction. In this respect petitioners seek authority to reform the trust designated in the will as Trust B into a 6% charitable remainder annuity trust, thereby conforming to the requirements now contained in the Internal Revenue Code of 1954 at section 664 (subd [d], par [1]) and which reformation it is contended will be acceptable to the Internal Revenue Service.
Under the Internal Revenue Code of 1954 the Federal Estate Tax Law permitted a charitable deduction to the estate computed on the actuarial value of the remainder interest in *454 the trust. The Tax Reform Act of 1969, enacted on December 30, 1969, amended the Internal Revenue Code so as to provide that in the case of a charitable bequest of a remainder interest, if someone other than a charity has an intervening interest, such as a life estate, no charitable deduction is allowed unless the remainder interest is (a) in a "charitable remainder trust”; (b) in a pooled income fund; or (c) in a personal residence or farm.
The "charitable remainder trust” has two categories: the "charitable remainder annuity trust”, and the "charitable remainder unitrust”. A "charitable remainder annuity trust” is a trust which must pay the noncharitable income beneficiary or beneficiaries a "sum certain” annually, or more frequently, if desired, which is not less than 5% of the initial net fair market value of all property placed in the trust as finally determined for Federal tax purposes.
For both the annuity trust and the unitrust it should be noted that:
(a) The specified income must be paid, at least annually, to one or more persons at least one of which is not a charity. Payment must be for a term of years (not more than 20) or for the life or lives of the individual recipients), and any individual recipient must have been living when the trust was created. This permits more than one noncharitable income beneficiary, either concurrently or successively.
(b) No amount other than the payments described above may be paid to or for the use of a noncharity — in other words, no other power to invade corpus is permitted.
(c) When the above payments terminate, the remainder interest must be transferred to or for the use of a charity or retained by the trust for such use. This requires a vested remainder, and the charity or charitable use must get the entire remainder, and not just a fraction, or specific assets (Internal Revenue Code, US Code, tit 26, § 664, subd [d], pars [1], [2]).
It must be observed that the above rules do not apply to decedents dying before 1970, nor do they apply to certain wills or transfers in trust before October 10, 1969.
The will in question was dated and executed on November 27, 1969, and thereafter codicils to said will were made and executed on January 12 and 13 and March 19, 1970. The deceased died on April 8, 1970. It is to be noted that the *455 attorney of record has submitted to the court an affidavit setting forth some background pertaining to the final drafting and execution of said will and codicils. It appears that the attorney draftsman and the deceased discussed the contents of the will for at least a year prior to its final execution and that the matters of prime concern to the testator were the various tax problems that would be faced by the estate and the minimization thereof by the creation of the marital trust and the charitable remainder trust; that wording of the will was finally agreed upon some time early in 1969 and at the time of its execution the attorney draftsman did not realize that the 1969 tax amendment had already been enacted and affected the will in question as concerns the wording and method of setting up a charitable remainder trust.
The Congressional amendment to subdivision (e) of section 2055 permits the type of relief herein requested provided that the will in question "is amended or conformed on or before December 31, 1975, or, if later, on or before the 30th day after the date on which judicial proceedings begun on or before December 31, 1975 * * * become final”.
The trust provisions in issue qualified for a charitable deduction prior to October 9, 1969, but fail to comply with the 1969 Act. To lay the blame for such failure on poor draftsmanship, ignorance or mistake would be totally unfair when one considers the extreme complexity of the provisions contained in the 1969 Act. The Internal Revenue Service did not readily promulgate rules and guidelines for adoption by estate planners or the legal profession. It was only after a considerable period of time that procedural mechanics for acceptable methods of compliance with the Tax Reform Act of 1969 were finally agreed upon.
The courts of New York State have in many instances permitted constructions, reformations or amendments of the type herein sought. Several decisions permit compliance without any discussion as to the method of application. It is obvious from the multitude of wills that are being considered by the courts in light of section 2055 (subd e, par 3), that each situation must be decided on an individual basis. This matter has been discussed in great detail by Surrogate Nathan R. Sobel in Matter of Stalp (79 Misc 2d 412) and by Surrogate John D. Bennett in Matter of Hammer (81 Misc 2d 25). Judge Sobel states in Matter of Stalp (supra, pp 416, 417) that a proceeding of this type is not a true construction issue and *456 he indicates that reformation of the will would most likely be based on the doctrine of "mistake” or the doctrine of "segregation”. In some instances the desired result has been reached by renunciation or disclaimer. (See Matter of Lattner, decided by this court on Jan. 3, 1975.) No matter what theory is applied, this court is convinced that what several of these cases have allowed is essentially a rewriting of the will to allow for the lack of familiarity by estate practitioners with the pertinent provisions of the Internal Revenue Code. This ordinarily would be repugnant to existing law and the usual canons of construction or will reformation. However, there is no doubt that to grant petitioners’ request in this instance will in fact comply with the obvious wishes and intention of the testator. In this respect the intention of the testator is no different than that of the Congress of the United States, it being the intention of both to favor charitable giving.
The petitioners, as indicated above, seek authority to reform the trust designated in the will as "Trust B” into a 6% charitable remainder annuity trust. Petitioners propose to rewrite this portion of the trust so as to comply with the statutory wording of the Tax Reform Act of 1969. Considering the tax consequences that will accordingly result from such reformation, the life beneficiary, Adelaide Danforth, will receive substantially the same amount of income that she would receive under the present wording of the trust. The charity gains the advantage of tax savings in the sum of approximately $33,000. Such result is consistent with the public policy of the State of New York. As indicated above, there seems to be some question as to under what title this proceeding should be brought. This court, in view of the thoughts herein stated, prefers to look upon this proceeding as a construction proceeding, and believes that a "construction” of the will is more applicable to the relief sought.
A draftsman of wills and trust agreements should note that the relief granted by this decision may not be available subsequent to December 31, 1975. Such draftsmen would do well to review existing wills to ascertain compliance with this section and the need for revision, as well as to review pending probate files to determine the present need, if any, for construction.
It is accordingly the decision of this court that the trust provisions contained in the last will and testament of the above named deceased be construed to read as requested by *457 petitioners in order that compliance with the Tax Reform Act of 1969 be effected.