William J. Regan, S.
This is a proceeding to construe article third of the will of the decedent so as to conform with *1051 the provisions of the Tax Reform Act of 1969. The will in question is dated January 4, 1964 and was admitted to probate on March 18, 1974, at which time letters testamentary and letters of trusteeship were issued to the petitioner. The deceased died in the City of Buffalo, County of Erie and State of New York on January 6, 1974. The trust provisions of the will provide for income payable to two sisters, Merne L. Newell, now deceased, and Nellie Newell (presently 93 years of age) and specifically by paragraph C provides as follows:
"C. After the death of my said sister, Merne L. Newell, if my sister, Nellie Newell, is then surviving, I direct the Trustees to take such steps as may be necessary to place or maintain the said Nellie Newell in the Niagara Lutheran Nursing Home or, if no vacancy exists there, in the Carlton Nursing Home or some comparable facility and to pay from the income and, if necessary, from the principal of the trust fund the expenses of said Nellie Newell in such Home and all of her medical, hospital and funeral expenses, provided, however, that payments under this subparagraph C shall not exceed Four Thousand ($4,000.00) Dollars in any one calendar year.”
The trustee is directed to accumulate the unexpended income of the trust for possible use in future years when the trust income may be less than such expenses, in which event the accumulated income or, if there is none, the principal, is to be used to pay such expenses, subject, however, to the same $4,000 ceiling. Upon the termination of the trust at the death of Nellie, provision is made for certain cash legacies to three named charitable organizations and the residue in equal shares to five named charitable organizations.
The net estate of the decedent is estimated to be approximately $350,000 and it is anticipated that yearly income to be generated by assets which will fund the trust will be approximately $25,000. Under the statutes and regulations in effect at the time the decedent executed his will (Jan. 4, 1964) and until the effective date of the Tax Reform Act of 1969 (Jan. 1, 1970) which amended the Internal Revenue Code of 1954, Federal and New York estate tax deductions were allowable for the gifts of trust remainder interests given under paragraph Third of the will to the named charitable organizations. The subject charitable gifts may not now qualify for deduction under the estate and income tax laws because such gifts are not interests in a charitable remainder annuity trust, a chari *1052 table remainder unitrust or a pooled income fund within the meaning of section 664 of the Internal Revenue Code of 1954, as amended, and the regulations thereunder. Petitioner prays herein for an order construing the trust as a charitable remainder annuity trust within the meaning of the Internal Revenue Code of 1954 as amended. This court has already explored the ramifications of the Tax Reform Act of 1969 in Matter of Danforth (81 Misc 2d 452, decided by this court on April 2, 1975). The factual situation herein is very similar to that of Matter of Hammer (81 Misc 2d 25 [Bennett, J.]). To briefly summarize some of the background already set forth in the Danforth decision, it is to be noted that Congress amended subdivision (e) of section 2055 of the Internal Revenue Code on October 26, 1974, by the addition of paragraph (3), P.L. 93-483, Ninety-third Congress, H.R. 12035, effective as to decedents dying after December 31, 1969. This amendment permits estates of decedents dying after December 31, 1969 with wills executed prior to September 21, 1974 creating old law charitable remainder trusts which do not qualify as a charitable remainder annuity or unitrust to qualify for a charitable deduction in the following language: "If the governing instrument is amended or conformed on or before December 31, 1975, or, if later, on or before the 30th day after the date on which judicial proceedings begun on or before December 31, 1975 (which are required to amend or conform the governing instrument), become final, so that the interest is in a trust which is a charitable remainder annuity trust, a charitable remainder unitrust (described in section 664), or a pooled income fund (described in section 642(c)(5)), a deduction shall nevertheless be allowed.” Petitioner in a very excellent memorandum submitted in support of its position in this proceeding set forth a part of the text contained within the Senate report pertaining to the above bill, which portion is set forth here at length to better understand the background and the reasoning of the Tax Reform Act of 1969:
"The Tax Reform Act of 1969 imposed new requirements which must be satisfied by a charitable remainder trust for an estate tax deduction to be allowed for the transfer of a remainder interest to a charity. * * * In order to allow a reasonable period of time to take the new rules into account, in these cases the new rules did not apply to these wills until October 9, 1972 (unless the will was modified in the meantime).
*1053 "While the new requirements were provided so that the amount received would be consistent with the charitable deduction allowed to the donor on the creation of the trust, they have resulted during this transitional period in the prospect of many charities actually losing funds. Many charities today are beneficiaries of charitable remainder trusts created after October 9, 1969, which neither qualify as a charitable remainder annuity trust or unitrust nor are covered by the exception indicated above. By failing to qualify, an estate tax deduction will not be allowed to the estate for the transfer of the remainder interest in a trust. As a result, the value of the trust remainder going to charity in these cases will be substantially decreased.
"To help alleviate this problem, the Treasury Department issued regulations which provide additional transitional rules allowing a trust to qualify if the governing instrument is amended by December 31, 1972. However, because of the complicated nature of the statutory and regulatory requirements, many trusts were unable to make the necessary conforming amendments by December 31, 1972. As a result, the committee believes that the period allowed to make the required changes should be extended, thereby increasing the funds that will be available to many charities.
"For this reason the committee has extended the date by which the governing instrument of a charitable remainder trust must be amended in order to qualify as a charitable remainder annuity trust or unitrust (under sec. 664).” (1974 US Code Cong & Admin News, pp 5987-5988.)
This situation was fully explored in the Danforth decision (supra), and as indicated by this court, to grant the relief requested in this proceeding is essentially to carry out the intent of the deceased in any event. It is proposed by the petitioner that the will be construed so that the trust will be a charitable remainder annuity trust by providing for an annuity of $4,000 for the life of Nellie and for the annual distribution, in equal shares, to the residuary charitable remainder-men of the amount by which 5% of the initial corpus of the trust exceeds $4,000. Unlike the Danforth decision, the court is further requested to order current, distribution of income for the residuary charitable beneficiaries, which would appear to be contrary to the terms of the will. Petitioner contends, and this court agrees, that a decree directing the current distribution of a portion of the excess income in an annuity amount *1054 which satisfies the requirements of a qualified charitable remainder annuity trust, would be a proper exercise of this court’s statutory jurisdiction of such accumulation. (EPTL 8-1.1, subd [e].) Certainly the possibility of the income of this trust falling below the maximum amount of $4,000 per year to be paid to Nellie Newell is so remote that there does not seem to exist any sound reason for accumulation. The intent of the testator is in all likelihood better served by the current payment of the excess income to the residuary charitable remaindermen who are in any event the ultimate beneficiaries thereof.
To construe the will as requested will grant to the income beneficiary, Nellie Newell, the maximum amount of income the deceased intended for her to receive and will at the same time carry out the prime purpose of the deceased concerning the disposition to the charitable remaindermen undiminished by estate and income taxes imposed on the gifts.
It is accordingly the decision of this court that the petition submitted in this proceeding for the construction of the will of the deceased be in all respects granted.