Millard L. Midonick, S.
This is an application to construe a will so as to qualify its provisions for a charitable deduction under the Tax Reform Act of 1969 (83 US Stat 487). The testator died on January 5, 1976, his will having been executed on March 29, 1972.
Article Seventh of the will creates a trust of the residuary estate and provides for the payment of an annuity of $12,000 *940 per year to the decedent’s sister and upon her death; the remainder is to be paid to a named charity.
The trust, as provided for in the will, does not qualify as a charitable remainder annuity trust under section 664 (subd [d], par [1]) of the Internal Revenue Code (US Code, tit 42, § 664, subd [d], par [1]). The initial fair market value of the residuary estate is in excess of $600,000 and the $12,000 annuity would therefore be less than 2% thereof — far less than the 5% required by section 664 (subd [d], par [1], cl [A]) of the Internal Revenue Code. In addition, the trust does not contain the "governing instrument” provisions required by section 1.664-2 of the Internal Revenue Service regulations (26 CFR 1.664-2).
In order to enable a part of the residue to qualify for the charitable deduction, the decedent’s sister (the annuitant of the trust) executed a valid and effective partial renunciation and disclaimer pursuant to EPTL 3-3.10. She irrevocably renounced and disclaimed all rights she had in so much of the net residuary estate as exceeded $240,000.
By virtue of the renunciation and disclaimer, the named charity received outright that part of the net residuary estate which exceeded $240,000. That outright gift qualifies for the charitable deduction. (Cf. Matter of Slade, 79 Misc 2d 578.) In addition, the principal of the trust is reduced to $240,000, so that the $12,000 annuity satisfies the 5% payout requirement of the code. The court is now asked to reform the provisions of the trust so as to conform it to the "governing instrument provisions” of the Tax Reform Act of 1969. The Attorney-General, the named charity, and the decedent’s sister support the application for reformation herein.
Judicial amendment or reformation is allowable (26 CFR 1.664-1) and beneficial to the estate. The courts have on numerous occasions allowed judicial construction of wills to permit a charitable deduction thereunder. (Matter of Danforth, 81 Misc 2d 452; Matter of Hammer, 81 Misc 2d 25; Matter of Stalp, 79 Misc 2d 412; Matter of Corelli, NYLJ Sept. 18, 1975, p 8, col 4.)
Article Seventh of the will is reformed to create an annuity trust of the type authorized in section 664 of the Internal Revenue Code (US Code, tit 42, § 664) and section 1.664-2 of the Internal Revenue Service regulations (26 CFR 1.664-2), for the benefit of the decedent’s sister, by providing that the trustees pay to her in each taxable year of the trust during *941 her life an annuity payment of $12,000, having as its terms and form that which is set forth in the petition herein and exhibit B thereto.