OPINION OF THE COURT
John D. Bennett, J.
This is an application by the executor-trustee to construe the will to enable the estate to claim a charitable deduction under the Tax Reform Act of 1969. Testator died on April 26, 1977 leaving a will dated March 12, 1977 which was admitted to probate on May 26, 1977. In paragraph "third” he gave his residuary estate to his trustee to pay the income to his widow for life and in addition to pay so much of the principal as the trustee may see fit for the support, maintenance and comfort of the widow. Upon her death 87ti% of the principal is to be paid in various percentages to four named individuals and the remaining 1214% to a charity. As written, the estate is not entitled to a charitable deduction for the charitable bequest of the remainder pursuant to the provisions of section 2055 of the Internal Revenue Code (US Code, tit 26, § 2055) unless it is amended to conform with the requirements imposed by the Tax Reform Act of 1969.
Petitioner requests the court to segregate the residuary estate in two separate trusts designated in the petition as trust A and trust B. Trust A is to consist of 8714% of the residuary with the income payable to the widow and subject to all the provisions of the will. Trust B consisting of 1214% of the residuary is to be converted into a 7% charitable remainder unitrust for the benefit of decedent’s widow during her lifetime with the remainder to charity on her death. Trust B is to be subject to the provisions of section 1.644-1 (subd [a], par [5], cl [ii]) of the Federal income tax regulations.
Petitioner’s application is timely since it was filed on December 30, 1977. Subdivision (a) of section 1304 of Public Law 94-455 amended section 2055 (subd [a], par [3]) of the Internal Revenue Code by extending until December 31, 1977 the time in which a governing instrument can be amended to qualify a charitable remainder bequest to a charitable remainder annuity trust, charitable remainder unitrust or a pooled income fund. This court, as well as other courts, has granted judicial construction or more realistically reformation of wills to enable estates to claim a charitable deduction where the charita *38 ble intent of the testator would be frustrated if such reformation were not granted (Matter of Hammer, 81 Misc 2d 25; Matter of Otto, 86 Misc 2d 824; Matter of Stalp, 79 Misc 2d 412). The reformation in the case at bar is complicated because the trustee was authorized to invade principal for the widow’s benefit. In those reported cases where the invasion of principal was authorized for the benefit of the noncharitable beneficiary, the right to invade principal had to be extinguished. Generally the income beneficiary disclaimed or renounced the right to receive the corpus (Matter of Kantor, NYLJ, Nov. 7, 1975, p 6, col 6; Matter of Lowenstein, NYLJ, Jan. 12, 1976, p 9, col 4 [death of beneficiary operated as a disclaimer]; see, also, Matter of Otto, supra).
Petitioner’s counsel, a Connecticut law firm, one of whose partners claims to be a member of the New York Bar, attempted to have the income beneficiary disclaim her right to invade principal by annexing to the petition a copy of a document which he designated "Income Beneficiary’s Qualified Disclaimer under I.R.C. § 2518 And EPTL 3-3.10” and a similar disclaimer by the trustee. Examination of both disclaimers reveals that they are sworn to but not acknowledged.
On August 11, 1977 EPTL 3-3.10 was repealed by chapter 861 of the Laws of 1977. In its place a new section was added, EPTL 2-1.11. The repeal of EPTL 3-3.10 was made effective one year later or August 11, 1978. Both EPTL 3-3.10 and EPTL 2-1.11 are applicable to a testamentary beneficiary or other person whose interest is created or increased by a renunciation of another under the law. To effectuate a renunciation the statute requires that a writing signed and acknowledged by the renouncing person be filed in the Surrogate’s Court having jurisdiction over the decedent’s estate within one year after the will, making the disposition which is to be renounced in whole or in part, has been admitted to probate. Where the disposition is of a future interest the renunciation is to be filed not later than one year after it becomes an estate in possession. The statutes further provide for the service of the renunciation personally upon the fiduciary or in such other manner as the Surrogate may direct. The time to serve and file a renunciation may be extended in the discretion of the Surrogate on a petition showing reasonable cause on notice to the persons directed by the court. Finally, the statute provides that the time limit for the filing and serving of a *39 renunciation in this section is exclusive and is not to be suspended or otherwise affected by any other provision of law.
The Federal statute relating to qualified disclaimers is set forth in section 2518 of the Internal Revenue Code which was added by the Tax Reform Act of 1976 (US Code, tit 26, § 2518). A qualified disclaimer is defined as an irrevocable and unqualified refusal by a person to accept an interest in property if (1) the refusal is in writing; (2) the writing is received by the transferror of the interest, his legal representative or holder of the legal title to the property in which the interest relates not later than nine months after the date of the transfer, the day on which the person attains the age of 21 and such person has not accepted the interest or any of its benefits. It further permits a disclaimer of an undivided portion or interest in the property.
Upon examination of the petition the court personnel noted that the disclaimers annexed to the petition are dated December 8, 1977 and were not filed in the court. After the nonfiling was called to the attention of petitioner’s counsel, he filed the original disclaimer of the widow on May 31, 1978 together with an affidavit setting forth her income from all sources.
The widow’s disclaimer appears to comply in all respects with the requirements of section 2518 of the Internal Revenue Code. However, it does not comply with EPTL 3-3.10. It was neither acknowledged nor served upon the fiduciary and was filed in the court two days late. The Conference Committee Report on Public Law 94-455 (CCH Fed Estate and Gift Tax Reporter, par 8860) contains the following statement: "If the requirements of the provisions are satisfied, a refusal to accept the property is to be given effect for federal estate and gift tax purposes even if the applicable local law does not technically characterize it as 'a disclaimer.’ ” The committee report further indicates that the Internal Revenue Service will recognize a disclaimer if it complies with the specific provisions of the Internal Revenue Code and not local law. The time limitation imposed by the Internal Revenue Code supersedes any time period prescribed by local law. Since the purpose of the reformation is to comply with the provisions of the Internal Revenue Code, the court will treat the widow’s disclaimer as substantial compliance with EPTL 3-3.10. To hold otherwise would be to exalt form over substance and result in an injustice because of counsel’s possible unfamiliarity with the New York law.
*40 The trustee’s purported disclaimer annexed to the petition is a nullity. Testator imposed an obligation upon the trustee which the fiduciary could not disclaim without renouncing his right to letters of trusteeship.
In order to carry out testator’s expressed charitable intent, the court directs that the residuary estate be divided into two separate trusts, A and B. Trust A is to consist of 8710% of the residuary and is to be a noncharitable trust for the benefit of the widow subject to all' of the provisions of the testator’s will. Trust B is to consist of 12Vi% of the residuary to be held as a charitable remainder unitrust subject to all the provisions of the Internal Revenue Code and Regulations, more particularly regulation 1-664-3, the income from which is to be paid to the widow during her lifetime in an amount equal to the lesser of (a) the trust income for such taxable year (as defined in Internal Revenue Code, § 643, subd [b], and the regulations) and (b) 5Vi% of the fair market value of the assets of the trust.