OPINION OF THE COURT
John D. Bennett, J.
This is an application by the surviving spouse who is also the mother and guardian of the decedent’s three infant children, for an order authorizing her to renounce the intestate shares of the infants and their interests in Totten Trusts totaling approximately $200,000 which were established by their father. The matter has been submitted preliminarily for entertainment.
The petitioner alleges that her intestate share plus her elective share of testamentary substitutes (EPTL 2-1.11) will amount to only $100,000, short of the $250,000 marital deduction to which she would be entitled. She requests that the infants be permitted to renounce $150,000 to give her sufficient assets to claim a full marital deduction, thereby saving the estate approximately $40,000 in estate taxes.
At the outset it is noted that there is no statutory provision for the renunciation of Totten Trusts. EPTL 2-1.11, which governs the renunciation of dispositions and intestate shares, defines "disposition” as one created under a will or trust agreement, a disposition created by the exercise of a power of appointment or a distributive share (EPTL 2-1.11, subd [a], par [1]). While it is not possible under the present statute, consideration should be given to remedial legislation which would permit renunciation of other types of dispositions such as Totten Trust accounts.
As to the infants’ intestate shares, a renunciation would result in their giving up more than they would achieve by way of a tax savings. While the courts recognize that quite often the major reason for a renunciation of an interest is estate planning and tax savings (Hoenig v Comr., 66 TC 471; Matter of Chadbourne, 92 Misc 2d 648; Matter of Mixter, 83 Misc 2d 290), where an infant is involved there must be a showing that the renunciation would be directly advantageous to him and not merely to the parent.
While the petitioner represents that she would use the renounced funds solely for the infants’ benefit, the statute prohibits consideration being received by the renouncing party *448 without permission of the court (EPTL 2-1.11, subd [b]). Furthermore, even if the court were to permit a renunciation on the basis of a commitment by the petitioner that the renounced funds would be used for the infants’ benefit, it does not appear it would be effective for tax purposes.
The Internal Revenue Code provides that a disclaimer is an irrevocable and unqualified refusal by a person to accept an interest in property only if such person has not accepted the interest or any of its benefits (US Code, tit 26, § 2518, subd [b], par [3]). The acceptance of any consideration in return for making the disclaimer is treated as an acceptance of its benefits (HR Rep No. 94-1380, 94th Cong, 2d session [1976]). A person does not disclaim his rights when he refuses to exercise them for the purpose of serving his own interests (Bel v United States, 452 F2d 683, cert den 406 US 919). There the court stated (p 693): "In our opinion a disclaimer, which contemplates a unilateral act, is the antonym of a quid pro quo. In a supplementary Senate Report on the Revenue Act of 1948 the Senate Committee on Finance defined disclaimer as an unqualified refusal to accept the rights to which one is entitled and noted that '[i]f a person uses these rights for his own purposes as by receiving a consideration for his formal disclaimer he has not refused the right to which he was entitled.’ 2 U.S. Code Cong. Service, p. 1226 (1948). Accordingly, a person does not disclaim his rights when he refuses to exercise them for the purpose of serving his own interests.”
Section 2056 of the Internal Revenue Code (US Code, tit 26, § 2056) permits a disclaimer as defined in section 2518 of the Internal Revenue Code (US Code, tit 26, § 2518) to be taken into account for the purpose of the marital deduction (HR Rep No. 94-1380, 94th Cong, 2d session [1976]). The draftsmen of the 1966 amendment to section 2056 of the Internal Revenue Code, which first permitted a disclaimer to be used for the marital deduction anticipated the fact situation presented in this case and limited the application of the disclaimer provision as follows: "A disclaimer * * * is a complete and unqualified refusal to accept some or all of the rights to which one is entitled. * * * Thus, it cannot be made for the purpose of serving the interests of a person who disclaims. For example, a disclaimer for the benefit of a surviving spouse who promises to give or bequeath property to a child of the person who disclaims is not a disclaimer within the meaning of the bill” *449 (Senate Rep No. 1599, 89th Cong, 2d session [1966]; US Code Cong and Admin News, 1966, p 3116).
Clearly, to permit a renunciation by the infants as suggested by the petitioner would be in direct contravention of the legislative intent. The disclaimer would be invalid for Federal as well as New York State estate tax purposes (Tax Law, § 955).
For all of the above reasons the application will not be entertained.