OPINION OF THE COURT
Bertram R. Gelfand, S.
Petitioner seeks limited letters of guardianship of the property of her daughter, who is nearly 17 years old, for the sole purpose of renouncing on behalf of the infant any interest that the infant might have in the estate of the petitioner’s father (the infant’s grandfather). The infant joins in the application.
Petitioner’s father died intestate on April 3, 1979. It is alleged that his gross estate is approximately $400,000. The distributees of his estate are his spouse, petitioner and her brother, all of whom are entitled to essentially equal shares of the estate (EPTL 4-1.1). Petitioner states that both she and her brother, who is the attorney representing her in this matter, are prepared to renounce a percentage of their distributive shares to achieve a result under which the widow will receive $250,000 and the estate would be entitled to the maximum permissible marital tax deduction. Standing in the way of petitioner’s renunciation alone achieving this goal are the provisions of EPTL 2-1.11 (subd [d]) which provide that the effect of petitioner’s renunciation is that it will be deemed that she had predeceased her father. If petitioner is deemed to have predeceased, then under the provisions of EPTL 4-1.1 (subd [c]) petitioner’s daughter, instead of decedent’s spouse, would be entitled to the renounced interest. Accordingly, *784 petitioner will not renounce a percentage of her interest in her father’s estate unless a similar renunciation is permitted to be filed on behalf of the infant.
There appear to be three objections that might be raised to granting the relief requested. These objections are that the issue is not ripe for determination; the infant is not receiving any consideration; and the renunciation is against public policy.
It is true that, as a general rule, a court will not issue a ruling relative to a hypothetical contingency which might never arise. Nevertheless, the law is not so harsh as to require a person to act at his own peril in each and every instance. Under appropriate circumstances, a court will render a declaratory judgment or give a fiduciary advice and direction with regard to a self-dealing transaction or as to the manner and time of a sale of property (SCPA 2107). In the instant matter, petitioner is not requesting a determination upon an issue which might never arise. She is requesting authority to perform an act that is an intrinsic part of a plan that will become immediately operational if she receives this authority. If petitioner is forced to act without knowing whether she will receive this authority she can be irreparably harmed without conferring the benefit she hoped to achieve by sacrificing a portion of her distributive interest in an estate. In furtherance of the goal petitioner seeks to attain she has unequivocably stated that she will renounce a percentage of her interest in her father’s estate provided that the infant will be permitted to renounce the same interest. The issue presented is far from premature. A need for its determination is pragmatically immediate, if not legally present until after petitioner actually renounces. Accordingly, the court will reach the issue presented upon its merits.
A court cannot sanction an infant foregoing the right to receive something of value without the infant receiving commensurate consideration. My learned and respected colleague Surrogate Bennett of Nassau County recently cogently dealt with this problem in the Matter of De Domenico (100 Misc 2d 446). In that case Surrogate Bennett denied an application which was motivated by a desire to achieve a maximum marital tax deduction and which would have required the infant to renounce a $150,000 interest in her father’s estate without receiving any consideration therefor except her mother’s promise that the renounced share would be used for the infant’s benefit. However, the facts in this case are clearly *785 distinguishable from those presented in the De Domenico case (supra). In the instant case, at this time the infant has nothing. Unless her mother renounces she will have nothing. Her mother will only renounce if this can achieve a tax benefit for the estate which will not be achieved if the renounced share passes to the infant. Accordingly, the authority which petitioner seeks does not involve the infant giving up anything which she would otherwise possess. All that is here involved is the infant playing a ministerial role in a program designed to minimize the estate’s tax liability without any real sacrifice whatsoever on the part of the infant.
There remains the question of whether the scheme for which petitioner seeks authority to act on behalf of the infant is against public policy. The court cannot discern any existing public policy which precludes a taxpayer from availing himself of the provisions of the existing statutes so as to lawfully minimize their impact in a given set of circumstances. The courts have consistently permitted trusts to be reformed so that estates would benefit from the maximum available charitable tax deduction (Matter of Witz, 95 Misc 2d 36; Matter of Webster, 90 Misc 2d 939; Matter of Otto, 89 Misc 2d 672; Matter of Rayvid, 88 Misc 2d 372; Matter of Atlas, 86 Misc 2d 387; Matter of Barker, 82 Misc 2d 974; Matter of Hammer, 81 Misc 2d 25; Matter of Danforth, 81 Misc 2d 452; Matter of Newell, 81 Misc 2d 1050; Matter of Stalp, 79 Misc 2d 412). If the infant were an adult both she and her mother could execute the requisite renunciations with the resultant tax advantage to the estate without any question being raised as to motive. Here a candid presentation as to motive has been required to be presented in order to sustain the instant application for letters of guardianship. The motive enunciated is both lawful and legitimate. It in no way is detrimental to the infant and it facilitates the achievement by the estate of the maximum tax advantage allowable under the law. This is a goal which not only is lawful and legitimate, but is consistent with optimum proper administration of the estate.
Accordingly, the application for limited letters of guardianship of the infant is granted and upon the guardian duly qualifying as required by law she is authorized as guardian of the infant’s property to execute a renunciation on behalf of the infant of any interest in the estate to which the infant may become entitled as a result of any renunciation executed by the petitioner individually.