OPINION OF THE COURT
Marie M. Lambert, S.
In the within proceeding, petitioner, an executor and trustee, seeks to conform and amend the decedent’s will so that a charitable remainder trust established under article ninth of said will can qualify for an estate tax charitable deduction. Testatrix died June 27, 1977 leaving her will dated July 12, 1974 which was admitted to probate in this court on August 16, 1977. Pursuant to article ninth, she created a charitable remainder trust of three sixteenths of *54 the residuary estate with all income derived therefrom payable to a life beneficiary, Paula Rhodes. Upon the death of the life beneficiary, one half of the trust principal is to be paid to named charities and the remaining one half to various noncharitable individual beneficiaries. Said trust provision does not comply with the requirements of the Tax Reform Act of 1969 in that it does not provide that the entire remainder interest vest in a charitable organization(s) upon the death of the life beneficiary. Additionally, the trust as established does not mandate that the life beneficiary receive a fixed and constant amount each year (“annuity trust”) or a fixed percentage not to be less than 5% of the fair market value of the trust annually (“uni-trust”). Accordingly, it is suggested that the trust be brought into compliance by splitting it into two equal trusts. One trust, known as the “Paula Rhodes Family Trust” provides for the payment of all net income to Paula Rhodes with the remainder interest to all noncharitable remaindermen named in article ninth as it now exists. The second trust would name the enumerated charities as remaindermen and would provide for the payment to the life beneficiary of annual income in the amount of 12% of the net fair market value of the trust or current income, whichever is less.
The Attorney-General has appeared in the proceeding and supports the application to construe the will and reform the trust. He objects, however, to any provision which mandates a 12% income limitation and suggests that 8% per annum would be a more appropriate amount. The trust, at present, is earning approximately 10% per annum. In an affidavit submitted in opposition to the Attorney-General’s position on behalf of the estate and a nonpetitioning executor-trustee, it is averred that the ultimate charitable beneficiaries cannot be injured by a 12% limitation because the will provision in question contains no limitation on the amount of income payable to the life beneficiary and no amendment would be possible without her consent. In addition, it is suggested that the requested 12% annual limitation be considered within the context of current market conditions and the obligation of the trustees to take advantage of the high annual returns currently being offered in various securities.
*55 A perusal of the applicable provisions of the Federal Tax Code reveals that Congress set no upper limitations on the amount which could be annually payable to a particular beneficiary. Section 664 (subd [d], par [2], cl [A]) of title 26 of the United States Code defines a charitable remainder unitrust as a trust “from which a fixed percentage (which is not less than 5 percent) of the net fair market value of its assets, valued annually, is to be paid”. (Emphasis added.)
Subdivision (e) of section 664 of title 26 of the United States Code provides: “Valuation for purposes of charitable contribution. — For purposes of determining the amount of any charitable contribution, the remainder interest of a charitable remainder annuity trust or charitable remainder unitrust shall be computed on the basis that an amount equal to 5 percent of the net fair market value of its assets (or a greater amount, if required under the terms of the trust instrument) is to be distributed each year.” (Emphasis added.)
Accordingly, this court finds no statutory limitation on its power to fix an annual income limitation in an amount in excess of the mandatory minimum. Keeping in mind the unambiguous intent of the testatrix to provide income for the life beneficiary, and no discernible intent on her part to maximize principal at the expense of income, the court concludes that 12% is a reasonable limitation. This is especially true when one considers that six-month treasury bills are presently paying more than 15% and that the current return of the trust is almost 2% more than the amount suggested by the Attorney-General.
In the light thereof, the court will construe article ninth as providing for two trusts so as to permit a charitable deduction of one such trust. (Matter of Witz, 95 Misc 2d 36; Matter of Webster, 90 Misc 2d 939; Matter of Otto, 89 Misc 2d 672; Matter of Atlas, 86 Misc 2d 387; Matter of Hammer, 81 Misc 2d 25; Matter of Danforth, 81 Misc 2d 452.) Accordingly, the trustees are directed to divide the trust into two separate but equal trusts for the benefit of the life beneficiary with the remainder interest in only one such trust to be wholly charitable. The said charitable trust shall be known as the Paula Rhodes charity trust. The trustees shall pay during the life of said Paula Rhodes an amount *56 equal to the “unitrust amount” which shall be defined as an amount equal to the lesser of (a) the trust income for such taxable year as defined in subdivision (b) of section 643 of the Internal Revenue Code of 1954 as amended (US Code, tit 26, § 643, subd [b]) and the regulations thereunder, and (b) 12% of the net fair market value df the trust assets valued annually.
The trust shall be administered so as to comply with the provisions of the Internal Revenue Code and the regulations promulgated thereunder.