# In the Matter of the Estate of IDA S. GLICK, Deceased.

Surrogate's Court, New York County, February 10, 1989

## APPEARANCES OF COUNSEL

*Richard Secular* for Joel S. Podgor, petitioner. *Robert Abrams, Attorney-General,* for ultimate charitable beneficiaries.

## OPINION OF THE COURT

RENEE R. ROTH, S.

The fiduciaries of this estate request reformation of article SECOND of decedent's will so that the trust it created qualifies as a charitable remainder annuity trust pursuant to section 664 of the Internal Revenue Code (26 USC § 664). Generally, such proceedings are brought to qualify charitable remainder trusts for the Federal estate tax charitable deduction which automatically assures the New York charitable deduction (Tax Law § 955). This case is unusual in that reformation is only needed to secure the New York deduction since the trust is exempt from Federal tax in any event because of the "credit shelter" under Internal Revenue Code § 2010 (a) (26 USC § 2010 [a]).

In article SECOND of her will, after providing specific bequests totaling $30,000 to various friends, testatrix established a trust for the life of her cousin Anthony consisting of "the

maximum exempt amount of an estate under Federal Estate Tax Law prevailing at the time of my death". She further provided that from the annual trust income the sum of $2,500 is to be paid to Anthony and the balance divided equally among four named charities. On Anthony's death, the trust remainder is to be distributed to another charity. The residue of the estate is bequeathed entirely to charity.

It is undisputed that the provisions of article SECOND create a "credit shelter" trust (in the amount of $600,000 less the outright legacies) which qualifies for the credit against tax under section 2010 (a) of the Internal Revenue Code (26 USC § 2010 [a]). Consequently, there is no need to reform this trust to obtain any Federal tax saving. However, there is no comparable credit shelter under New York law. Although under State law estates under $108,333 are not usually taxable, where the estate is substantial, the State credit against tax is reduced to $500 which shelters only $25,000 (Tax Law § 952 [b] [3]).

New York law does however incorporate the Federal tax deduction for charitable remainder trusts (Tax Law § 955). Accordingly, in order to overcome the small New York credit shelter, petitioners seek reformation of the will so that the trust in question qualifies for the charitable deduction as a charitable remainder annuity trust under Internal Revenue Code § 664 (26 USC § 664). As noted earlier, there will be no effect on the Federal tax. On the other hand, under New York law, the charitable beneficiaries would be shielded from all State estate tax.

It does not appear that the proposed reformation is precluded because it is sought to bring about a reduction of only the New York tax. Neither the Internal Revenue Code nor the case law requires as a precondition for charitable trust reformation that the estate be otherwise subject to Federal tax. Since the purpose of the reformation sought in this case is the same as in all charitable reformation applications, namely, to effectuate the charitable intention of the testatrix by preventing the erosion of the tax shield, the usual rules of construction apply.

Testatrix' intention to benefit charity is clearly evinced by her will, as is her intent to avoid estate tax.

Requests for reformation of charitable remainder trusts are brought with some degree of frequency because of changes in the law or the highly technical nature of the rules *(Matter of*

*Kander,* 115 Misc 2d 386; *Matter of Witz,* 95 Misc 2d 36; *Matter of Webster,* 90 Misc 2d 939; *Matter of Atlas,* 86 Misc 2d 387; *Matter of Hammer,* 81 Misc 2d 25; *Matter of Danforth,* 81 Misc 2d 452; *Matter of Stalp,* 79 Misc 2d 412). In fact, the Deficit Reduction Act of 1984 (Pub L 98-369, 98 US Stat 494, eff July 18, 1984) contains a permanent rule permitting judicial reformation of charitable remainder trust provisions so that they comply with the detailed requirements of the code *(see,* 26 USC § 2055 [e] [3] [C]; *see also,* Deficit Reduction Act of 1984 § 1022, 98 US Stat 1026, 1027).

Based upon the foregoing, in order to effectuate testatrix' express charitable intent, the trust created under article SECOND of her will is construed to qualify as a charitable remainder annuity trust under Internal Revenue Code § 664 (26 USC § 664) as proposed in the petition.