OPINION OF THE COURT
Bernard M. Bloom, S.
This is a proceeding to construe and reform article III, the residuary clause, of the last will and testament of Bernard Offerman, so as to enable the estate to qualify for an unlimited New York estate tax marital deduction. While an application to reform a will to enable the estate to qualify for a deduction for New York estate tax purposes and not Federal may be uncommon, it is permissible. (Matter of Glick, 142 Misc 2d 650 [Sur Ct, NY County].)
*478 The decedent died on July 21, 1988 survived by a spouse and three children. His will, dated December 14, 1979, was duly admitted to probate on December 19, 1988.
Under article III of the will the residuary estate, which comprises the entire estate with the exception of some personalty previously bequeathed to his wife, is divided into two trusts, trust A and trust B. Under trust A, the decedent bequeathed in trust for his wife the following: "A pecuniary amount equal to the maximum marital deduction allowable to my estate for Federal estate tax purposes ($250,000 or 50% of my adjusted gross estate, as the case may be, less any adjustment required for marital deduction gifts made by me during my lifetime), less the aggregate amount of marital deductions, if any, allowed for interests in property passing or which have passed to my wife otherwise than by the terms of this Article, and less also the amount if any, required to increase my taxable estate to the maximum amount as to which, considering all deductions and credits allowable to my estate, there will be no federal estate tax payable by reason of my death.”
Under the terms of trust A, his wife receives the entire income for life, to be made at least quarter-annually, and an unrestricted right to invade principal. The wife has a testamentary power of appointment over the corpus and in default thereof, the corpus is to be added to the principal of trust B.
Under the terms of trust B, the income is to be distributed at least quarter-annually to the spouse for life, subject to her need for the same, with power in the trustee to distribute income amongst the decedent’s descendants and their spouses. The trustee has discretion to invade principal for the benefit of the spouse. Upon the wife’s death, the principal passes equally to the decedent’s children, then living, or their descendants.
Of further significance to the instant application is the following provision, set forth in article III (D) (2) (b): "[WJith respect to Trust A, notwithstanding any contrary provision * * * the trustee shall have no power or discretion which would deprive my estate of the marital deduction under the law and the rulings and regulations with respect thereto in force at the time of the determination of said marital deduction.”
Decedent’s wife, who is also the executrix of the estate, as well as the decedent’s three children and their spouses request and/or consent to a construction of the will which would *479 allocate the entire residuary to trust A, thereby eliminating trust B.
By virtue of the unified credit under Internal Revenue Code (26 USC) § 2010 (c) the estate will be shielded from Federal estate tax liability, irrespective of whether the unlimited marital deduction is available. However, the comparatively lower New York unified credit equivalent of $108,333 will not exempt the estate from New York estate tax liability. Accordingly, reformation herein is sought for the purpose of avoiding New York estate taxes only.
At the time the will was executed, the maximum marital deduction allowable for both Federal and New York estate tax purposes was equal to the greater of $250,000 or one half the adjusted gross estate as provided by the Tax Reform Act of 1976 (TRA; 90 US Stat 1525). The monetary limitation on the Federal estate tax marital deduction was eliminated and made unlimited by the Economic Recovery Tax Act (ERTA) for decedent’s dying after 1981. Subsequently, New York followed suit and eliminated the monetary limitation on the New York estate tax marital deduction for decedent’s dying after September 30,1983. (L 1982, ch 916, § 83.)
Despite the fact that many provisions of a will are tax motivated, many persons fail to revise their wills to reflect these changes in the tax laws. Consequently, courts are repeatedly requested to reform wills so that an intention to minimize taxes will not be defeated. (Matter of Lepore, 128 Misc 2d 250 [Sur Ct, Kings County 1985]; Matter of Otto, 89 Misc 2d 672 [Sur Ct, Nassau County 1977]; Matter of Newell, 81 Misc 2d 1050 [Sur Ct, Erie County 1975]; Matter of Dan-forth, 81 Misc 2d 452 [Sur Ct, Erie County 1975]; Matter of Stalp, 79 Misc 2d 412 [Sur Ct, Kings County 1974].) Where, as here, revision is sought for the purpose of receiving the benefit of the unlimited marital deduction not available at the time the will was executed, such relief has been held to be warranted where an intention to minimize taxes is coupled with a primary intention to benefit the spouse. (Matter of Khadad, 135 Misc 2d 67 [Sur Ct, Nassau County 1987]; Matter of Lepore, supra.) Evidence of such intent has been found to exist where the will contains a maximum marital deduction formula provision and a provision directing the executor to compute the marital deduction in accordance with the laws in effect at the time of the decedent’s death. (Matter of Khadad, supra.) It is observed that the ERTA does not define what is meant by a maximum marital deduction formula provision. As *480 to this point, courts and treatises have classified a provision which refers to the "maximum marital deduction as defined by the TRA” or a provision which bequeaths to the spouse "one half the adjusted gross estate” as maximum marital deduction formula provisions. (Matter of Khadad, supra, at 69-70; Matter of Lepore, supra, at 251; 3 Fiore, Modern Estate Planning § 13.02, at 13-10.)
The decedent’s will contains both a maximum marital deduction formula provision and a provision expressly requiring the executor to compute the marital deduction in accordance with the laws in effect at the time of the decedent’s death. The wife’s unlimited right to the income and the principal of trust A as well as her entitlement to discretionary payments of the income and principal of trust B reveals that the decedent considered her welfare to be of primary importance. While the wife’s entitlement to the income of trust B was not hers exclusively, the trustee had no discretion to distribute income to others unless the wife did not need the additional income for her care. Further, the trustee’s power to invade the principal was exercisable only for the benefit of the wife.
On the basis of the above, the entire residuary estate is allocated to trust A, thereby eliminating trust B. Accordingly, the estate may now qualify for the unlimited marital deduction.