OPINION OF THE COURT
C. Raymond Radigan, J.
In these separate petitions, the guardian of the property of two infants seeks permission to renounce a portion of life insurance proceeds to which the infants are entitled as a result of their father’s death.
The decedent, Scott D. Azie, died intestate survived by his wife, Stephanie, and their two children, Lauren, age 11, and Rebecca, age 8. Stephanie is the children’s guardian and the petitioner in these two proceedings. The bulk of the decedent’s estate is comprised of two life insurance policies, one payable to Stephanie in the sum of $250,000 and another payable to *652 Lauren and Rebecca in the sum of $1,000,000, or $500,000 each. By these petitions Stephanie seeks permission to renounce $50,000 on behalf of each child, ostensibly to reduce estate taxes. The guardian ad litqm appointed to represent the children’s interests has filed his reports wherein he objects, on behalf of his wards, to the relief requested.
The attorney’s affirmation in support of the application indicates that if the court denies the application, each child will receive $417,725 after paying estate taxes; if the court grants the application, each child would receive $380,425, but approximately $40,000 in estate taxes would be saved and the $100,000 which was renounced will pass to their mother tax free. Even using these figures, it is clear that the proposed renunciations will be a net loss to the infants. Where infants’ shares are involved, it must be shown that the renunciation will be directly advantageous to the infants, not merely the parent (Matter of De Domenico, 100 Misc 2d 446; Matter of Kramer, 101 Misc 2d 782; 3 Warren’s Heaton, Surrogate’s Courts § 48.08 [6] [g]). The cases relied upon by counsel in his affidavit are clearly not controlling because in those cases the infants had no vested interest in the property being renounced; their interests arising only upon a renunciation by the infants’ parents.
Accordingly, the petitions are denied.