[7 NYS3d 845]

In the Matter of KIMBERLY LINDSAY FRIEDMAN, as Guardian of CORA WINNETT FRIEDMAN, an Infant, Petitioner, to Renounce an Interest in the Estate of SHARON LINDSAY, Deceased.

Surrogate's Court, Kings County, February 2, 2015

**APPEARANCES OF COUNSEL**

*Greenfield Stein & Senior, LLP*, New York City, for petitioner.

**OPINION OF THE COURT**

DIANA A. JOHNSON, S.

Kimberly Lindsay Friedman, the mother and limited guardian of the property of the infant Cora Winnett Friedman, peti-

tions for authorization to renounce the infant's intestate share in Sharon Lindsay's (decedent) estate.

Decedent died intestate on May 21, 2014. Her distributees are her spouse, son and daughter. The daughter is the petitioner herein. The estate is valued at approximately $6,250,000. The portion of decedent's estate passing to petitioner and her brother is subject to New York estate tax of approximately $200,000. If the entire estate were to pass to their father, decedent's spouse, it would do so free of estate tax due to the marital deduction. To avoid the imposition of estate taxes petitioner avers that if the court allows her to renounce on behalf of the infant she and her brother will renounce their share allowing decedent's entire estate to pass tax free to their father. Petitioner indicates that if she is not permitted to renounce on behalf of the infant, she will not renounce. Petitioner maintains that it is in the "best interest" of decedent's distributees to renounce to avoid the imposition of estate taxes, while renouncing on behalf of the infant has no pecuniary effect on the infant as the infant only possesses a contingent interest in decedent's estate.

The court appointed a guardian ad litem for the infant whose report dated January 12, 2015 was received by the court.

While an infant is incapable of acting on his/her own behalf, EPTL 2-1.11 (d) provides that a guardian, when authorized by a court, may renounce on behalf of an infant. The guardian, however, being a fiduciary, must act in good faith in the best interests of the infant in seeking to disclaim on the infant's behalf.

The court is aware of the line of lower court cases such as *Matter of Kramer* (101 Misc 2d 782 [Sur Ct, Bronx County 1979]) where applications to renounce on behalf of infants were granted on the rationale that unless the parent renounced the infant had nothing, thus the infant was not giving up anything which he/she would otherwise possess. However, this court does not find persuasive the rationale that as the infant only

---

* EPTL 2-1.11 (e) provides that the effect of petitioner's renunciation is that she will be deemed to have predeceased her mother. If petitioner is deemed to have predeceased, then under the provisions of EPTL 4-1.1 (c) her daughter, the infant herein, instead of decedent's spouse, would be entitled to the renounced interest. Thus a renunciation on behalf of the infant must be procured for the plan to have the desired tax effect.

possesses a contingent interest in the decedent's estate the infant is not giving up anything and therefore the petition should be granted. As was stated in *Matter of Scrivani* (116 Misc 2d 204, 206-207 [Sup Ct, NY County 1982]):

> "The procedure for authorizing renunciations cannot be regarded as *pro forma* or ministerial; it is a significant responsibility. . . . It can only be justified if the State, acting through the court, assures the ward's best interests being protected . . . . The court therefore may, and indeed should, consider any matter which may affect the ward's welfare, including the possible future legal consequences of a fiduciary's proposed course of action."

The fact that if petitioner does not disclaim the infant would receive nothing from the estate does not denote that it is in the infant's best interests to allow the renunciation, which is the standard to be applied in determining this application. While it may be in the "best interest" of decedent's distributees to renounce to avoid the imposition of estate taxes, the court does not find allowing petitioner to disclaim on behalf of the infant to be in the best interests of the infant, and finds that it is in fact against the infant's best interests to allow the renunciation.

This court finds persuasive the analysis contained in the New Jersey case of *Matter of Estate of Horowitz* (220 NJ Super 300, 531 A2d 1364 [Law Div 1987]), where that court found in a case similar to the one before this court that it would not be in the best interests of the infant to approve the disclaimer. As in that case if the entire estate herein were to go to the infant's grandparent there is no guarantee that this infant would ever receive any benefit. As posited in the *Horowitz* case any number of events could occur that would jeopardize this infant ever receiving anything from decedent's estate. The assets could be significantly reduced by the grandfather during his lifetime; the grandfather could remarry, sharing the assets with his spouse; family relations could become strained such that the grandfather favors his son and/or his son's children over petitioner and/or her children et cetera. As petitioner, the infant's mother, will not renounce her share if the court does not authorize the infant's renunciation it becomes more likely the infant will then receive some direct benefit through her. Any taxes saved by the estate cannot serve to overcome the effect of making it more remote and improbable that this infant

will ever receive a benefit by allowing petitioner to renounce the infant's interest. Thus it is not in the best interests of this infant, which is the sole focus of the court, to allow petitioner to renounce the infant's intestate share, irrespective of whatever tax benefit it may confer to the distributees or the estate.

The court notes that it was alleged, in the rider contained in the underlying guardianship petition appointing petitioner limited guardian of the infant's property, that the decedent's two children believe disclaiming would carry out what they believe would be decedent's wishes that her entire estate pass to her husband. It bears noting that this estate valued at $6,250,000 was not the result of a wrongful death action of which the decedent would have had no knowledge or control over. Clearly decedent who had the financial sophistication to amass over six million dollars in assets, had she wished to, could have executed a will leaving everything to her husband. Had she executed a will her wishes would be known and, if they were as her children believe, it would have obviated the need for this application. Decedent having not executed a will, the statutory distribution contained in EPTL 4-1.1 applies, with the concomitant tax consequences the distributees are now seeking to avoid by engaging in what in effect is post death estate tax planning.

For the reasons set forth above, the application for authorization for the limited guardian of the infant's property to renounce the infant's intestate share in decedent's estate is denied.

In determining the fee fixed as compensation to the guardian ad litem, the factors considered by the court are the nature and extent of the services, the actual time spent, the necessity therefore, the nature of the issues involved, the professional standing of counsel, and the results achieved (*Matter of Morris*, 57 AD3d 674 [2d Dept 2008]).

After having thoroughly reviewed the affirmation of services submitted by the guardian ad litem, and having due regard for all of the factors set forth above, the compensation of the guardian ad litem is fixed and determined in the sum of $2,170.