In the Matter of the Estate of JAMES H. SNOWDEN, Deceased. BANKERS TRUST

COMPANY, as Executor, etc., of JAMES H. SNOWDEN, Deceased, and Others, Respondents; BEULAH M. SNOWDEN, Appellant.— Decree of the Surrogate's Court of Suffolk county modified by striking therefrom the provision decreeing that the trust fund of $100,000 created under article seventh for the benefit of the decedent's niece is payable out of the residuary estate prior to distribution to Beulah M. Snowden of a legacy of one-third of the estate bequeathed to her under article sixth, and by inserting in place thereof a provision that the distribution to Beulah M. Snowden of a legacy of one-third of the residuary estate bequeathed to her under article sixth of the will shall be made prior to the setting up of the $100,000 trust fund for the benefit of the niece of the decedent under article seventh of the will (findings to the contrary are reversed). As thus modified the decree of the Surrogate's Court of Suffolk county, in so far as appealed from, is unanimously affirmed, with costs, payable out of the estate, to each party filing a brief. The terms " rest, residue and remainder " are used in a different sense in article sixth of the will from that in which they are used in article eighth. The provision for the benefit of the widow should be construed liberally in her favor. The bequest to her in article sixth is couched in unequivocal language. The subsequent language is not repugnant to it. The absolute gift in article sixth should not be diminished unless an intention in the subsequent language to so diminish it is expressed in clear, definite and imperative terms. There is no such subsequent language or provision. (*Tillman* v. *Ogren*, 227 N. Y. 495, 505; *Post* v. *Moore*, 181 id. 15; *Washbon* v. *Cope*, 144 id. 287, 297.) Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.