John P. Lomekzo, J.
This is an action wherein the City of Rochester seeks to recover a statutory penalty in the sum of $500 from the defendant who owns and operates a bakery in the said city, on the grounds that defendant operates a catering service without having procured a license to do so pursuant to the provisions of chapter 23.1 of volume II of the Municipal Code of the City of Rochester.
The defendant has operated a bakery business for many years and during the last 29 years has prepared and sold and now prepares and sells fried fish, baked beans, potato salad and macaroni salad. These items are prepared on the premises using no other type of equipment in the preparation thereof than equipment used in the preparation and sale of bread and pastry products. All items sold on the premises consist of counter sales for off-premises consumption with no delivery service of any kind. No utensils are rented or furnished to customers for use in the consumption of such food items at homes, clubs, parties or other similar places or functions.
The defendant has procured a sanitary certificate which is required pursuant to the provisions of section 337 of the Labor Law of this State, and defendant’s establishment is subject to inspection by the city health officer who is designated in the State statute to enforce its provisions. The same local officer is designated to enforce and inspect the premises and facilities of establishments licensed as a catering service pursuant to the provisions of the subject ordinance. Thus the same local officer conducts inspections for compliance with the State law regulating a licensed bakery business and compliance with the local ordinance regulating licensed establishments conducting a catering service. The method of inspection for one is substantially the same for the other made by the same local officer at the same establishment of precisely the same equipment facilities on substantially similar check sheets.
The defendant contends that the ordinance in question is unconstitutional and invalid since it constitutes in its enforcement an intrusion by the municipality into a field which has been pre-empted by the State in view of the regulation of bakeries as such pursuant to article 12 of the Labor Law of the State of New York. That the business conducted by the *163 defendant of selling for off-the-premises consumption of prepared food items over the counter does not constitute the operation of a catering service. That the subject ordinance must be construed to exclude bakeries as such from the provisions of the ordinance, and further that the ordinance is unconstitutional since due process of law is avoided by the lack of definite ascertainable standards of compliance being prescribed in the ordinance.
The city contends that the ordinance is constitutional, that the defendant bakery is not excluded from its provisions, and that the defendant conducts a catering service at his establishment under the definition of that term in the ordinance.
The City of Rochester through broad constitutional powers and substantive law has ample authority to adopt ordinances which afford to its inhabitants and visitors protection of health and life and impose appropriate fees for the enforcement thereof. This authority inherent in a municipality arises from its basic obligation as a governmental unity of this. State to employ through its legislative process, means to protect its people and visitors on matters affecting health and life. (General City Law, § 20.) Express legislative authority is found in the Charter of the City of Rochester which reads in pertinent part as follows: ‘‘ Further legislative power.— In addition to the powers conferred by the last section, the common council has power to adopt ordinances for the following purposes within the city: * * * to adopt ordinances for the * * * preservation and care of the safety, health, comfort and general welfare of the inhabitants of the city and visitors thereto, and for any of said purposes to regulate and license occupations and businesses ”. (L. 1907, ch. 755, § 86, as amd.)
This local authority to legislate is subject to the limitation that such regulations shall not be inconsistent with the laws of the State, nor may such regulations alter or supersede any act of the Legislature. (City Home Rule Law, § 11, subd. 2; N. Y. Const., art. IX, § 12; Matter of Tartaglia v. McLaughlin, 190 Misc. 266, affd. 273 App. Div. 821, revd. 297 N. Y. 419; People v. Blue Ribbon Ice Cream Co., 1 Misc 2d 453.)
In pertinent part, the ordinance reads as follows: Section 23.1-1 states: “The following definitions shall apply in the interpretation and enforcement of this ordinance:
“ 1. Eating and Drinking Establishments. The purpose of this chapter ‘ Eating and Drinking Establishments ’ shall include restaurants, itinerant restaurants and catering services.
*164 “ 2. Restaurant — The term ‘ restaurant ’ shall mean restaurant, coffee shop, cafeteria, short order cafe, luncheonette, tavern, diner, sandwich stand, soda fountain, and all other eating or drinking establishments as well as kitchens on or off the premises, or other places in which food or drink is prepared for sale on the premises or elsewhere except bakeries, food manufacturers, catering services and boarding houses.
‘ ‘ 3. Itinerant restaurant — The term ‘ itinerant restaurant ’ shall mean one operating for a period not exceeding thirty days in connection with a fair, carnival, circus, public exhibition, or other similar gathering.
“ 4. Catering Service. The term ‘ catering service ’ shall mean the service rendered by a person engaged in the cooking or preparation of food for sale on the premises, or elsewhere or the distribution and serving of such food so cooked or prepared.” (Emphasis supplied.)
The subject ordinance has for its purpose the imposition of sanitation requirements for eating and drinking establishments within the city of Rochester and provides for the licensing of such establishments and periodic inspections of the same.
The court finds that there is no conflict between the provisions of the subject ordinance and the provisions of article 12 of the Labor Law of the State of New York. Further, that the City of Rochester in regulating, as it does by the pertinent provisions of the subject ordinance, the conduct and operation of a “ Catering Service ” does not intrude into a field which has been pre-empted by the State. Municipal ordinances which have for their purpose the protection of public health must be construed liberally. Further, it appears that the State has not specifically legislated concerning establishments conducting a so-called “ Catering Service.” There can be no conflict between a statute and an ordinance where there is no statute covering the subject matter of the ordinance. The City of Rochester, therefore, is empowered to enact the ordinance in question, and it is not precluded by the State law in such enactment.
The defendant urges that Ms activities at Ms bakery shop in selling certain on-premises prepared foods over the counter for off-premises consumption with no delivery or utensil service does not place him in the “ Catering Service ” field since such activity and operation does not fit within a dictionary definition of the word “ caterer.” This contention is without merit and implies a defective conclusion that definitive legislation cannot be accomplished except by employing dictionary definitions. The local legislative body in view of the cause for the *165 passage of the ordinance, the results to be obtained by its passage and the evil to be remedied thereby, saw fit to define its own terms in the definitive portion of the ordinance. Such legislative pronouncement cannot be abrogated by reference to etymological definition of the particular term. See, for example, subdivision 7-a of section 3 of the Alcoholic Beverage Control Law of the State of New York wherein “ Catering establishment ” is defined for the purpose of regulation under that law.
Aside from construing and defining legislative definitions employed in statutes or ordinances, the courts are not bound in the interpretation of laws, containing words that are not specifically defined, to follow dictionary definition. “ ‘ Reference is made to definitions to be found in the dictionaries. Courts are not trammeled by such abstract definitions. It is seldom that a word or expression does not yield to more than one meaning. The spirit rather than the letter of the law determines the construction which should be given to it.’ ” (Matter of Colasuonno v. Dassler, 183 Misc. 904, 906, referring to Effell Realty Corp. v. City of New York, 165 Misc. 176, 179, affd. 256 App. Div. 972, motion for leave to appeal granted 257 App. Div. 806, affd. 282 N. Y. 541.)
Subdivision 4 of the subject ordinance defines “ Catering Service ” so as to include a person engaged in the cooking or preparation of food for sale on the premises, and the preparation and sale by the defendant at his bakery shop of the aforesaid food items and the manner in which they are sold comes within the definition of that term by the ordinance, and consequently the court holds that the defendant is engaged in conducting a “ Catering Service.” The court holds, however, that the ordinance in question must be construed so as to exclude from its application the defendant who conducts a bakery business. The subject ordinance specifically excludes “ bakeries ” under subdivision 2 defining the term ‘ ‘ Restaurant ’ ’. A bakery business conducted in the State of New York is defined and regulated under the provisions of article 12 of the Labor Law and is subject to inspection under such State law by the local health officer who constitutes the enforcement official of its provisions. Such businesses are also subject to inspections for compliance with sanitary requirements by representatives of the State Department of Agriculture and Markets and under certain circumstances by representatives of the Federal Food, Drug and Cosmetic Administration of the Federal Government. It is reasonable to assume, therefore, that the City of Rochester specifically excepted “ bakeries ” from the provisions of the ordinance, recognizing that the State and Federal Governments *166 have adequately enacted legislation for the protection of health and safety of its citizenry at large in the operation of bakeries, and that its own health officer is designated as the enforcement official of the State law. The ordinance (subd. 2) in defining restaurants excepts (1) bakeries (2) food manufacturers (3) catering services, and (4) boarding houses. Subdivision 4 thereupon defines “ Catering Service.” The city contends such an exception to be irrelevant in its significance. The court does not so view a specific exclusion expressly provided by the local Legislature. A reasonable interpretation and construction of the subsection requires the conclusion that it would be inconsistent with legislative expression to contend that although bakeries as such are excluded under the definition of ‘ ‘ Restaurants ’ ’ under subdivision 2, they are again brought within the provisions of the ordinance of subdivision 4 defining “ Catering Service ”. This contention is contrary to the plain meaning of the ordinance and contrary to the specific exclusion intended by the provisions of the ordinance. To hold otherwise would require the exception in subdivision 2 of “ boarding houses ”, for example, to be brought back into the ordinance under subdivision 4 defining ‘ ‘ Catering Service. ” The city does not contend that boarding houses are subject to the provisions of the subject ordinance relating to catering services, although the operation of a boarding house, as such, in the regular preparation and service of meals as part of the lodging given to guests, comes within the ordinance definition of “ Catering Service ”.
The contention of the defendant that the ordinance insofar as it purports to regulate a “ Catering Service ” is unconstitutional since due process of law is avoided by the lack of a definite ascertainable standard being prescribed in the ordinance is one that appears to have merit and deserves the scrutiny of the legislative body of the city. The ordinance applies to restaurants, itinerant restaurants and catering services. (§ 23. 1-1, subds. 1, 2, 3, 4.) As to restaurants, specific sanitary requirements are enumerated (§ 23.1-8). However, as to catering services it reads as follows: “ Catering services shall be operated in a manner approved by, and satisfactory to the health officer and in compliance with the applicable sections of this Chapter.” (§ 23.1-7.)
No proof was submitted by the city of the existence of any regulations promulgated by the health officer as such and only isolated reference is made in the main body of the ordinance regulating the conduct of catering services. The court recognizes, however, the authority of the municipality to delegate *167 to the appropriate officer under provisions of the ordinance the power to promulgate rules for the enforcement of its provisions. It is doubtful that such rules consist of the matters to be checked pursuant to the inspection report introduced in evidence. However, in view of the conclusion previously reached herein, the determination of the constitutional question raised on that particular ground is not necessary and is not directly passed upon herein. The complaint is dismissed.