■ In the Matter of the Estate of HARRY BERGER, Deceased. CHASE MANHATTAN BANK, N. A., Petitioner; MATTHEW BERGER, Appellant; BETTY BANKS, as Executrix of CLAIRE BERGER, DECEASED, Respondent.—In a proceeding to construe a will, Matthew Berger, a legatee thereunder, appeals from (1) a decree of the Surrogate's Court, Suffolk County, entered December 24, 1975, which determined the nature and extent of the bequest made to the decedent's wife and (2) an order of the same court, entered March 22, 1976, which denied his motion for reargument. Appeal from the order dismissed, without costs or disbursements. No appeal lies from an order denying reargument. Decree modified, on the law, by (1) deleting from the decretal paragraph thereof the provisions which (a) determined that estate taxes were not to be deducted from the gross testamentary estate as an

administration expense of the estate and (b) directed that estate taxes be paid from the residuary estate, and (2) substituting therefor provisions that estate taxes are to be (a) included and paid as an administration expense and (b) deducted as an administration expense from the gross testamentary estate. As so modified, decree affirmed, without costs or disbursements. The relevant provisions of the will of Harry Berger, deceased, which will is the subject of this construction proceeding, are either set forth verbatim or summarized, as follows: "FOURTH:—I give and bequeath to my wife CLAIRE BERGER the sum of ONE HUNDRED TWENTY FIVE THOUSAND DOLLARS ($125,000.00) to be hers absolutely and forever, which sum I direct shall be paid to her within three months after the probate of this my Last Will and Testament; and in addition to the said sum I give, devise and bequeath to her *one-half of the remainder* of my estate, to be hers absolutely and forever. In the event that she predecease me or that she and I die as the result of a common accident or catastrophe, then this entire legacy shall lapse and *become part of my residuary estate.*" (Emphasis supplied.) After that legacy for the wife, the testator, in paragraphs "FIFTH" through "TENTH", made five monetary bequests totaling $110,500 and another specific devise (under a codicil). Paragraphs "ELEVENTH" and "TWELFTH" provide: "ELEVENTH:—I direct that my Executors shall pay all United States and New York State Estate Taxes, Inheritance Taxes and Transfer Taxes which may be payable on any property *passing outside of and passing under this my Last Will and Testament as an administration expense of my estate,* and I direct that there shall be no apportionment of such taxes among the legatees of this my Last Will and Testament. TWELFTH:—*All the rest, residue and remainder of my property* as well as and including any legacies which may have lapsed, I give, devise and bequeath as follows: I direct that the same shall be *divided into five equal portions,* designated 'Portion 1', 'Portion 2', 'Portion 3', 'Portion 4', and 'Portion 5' which portions I devise and bequeath as set forth in the following paragraphs". (Emphasis supplied.) In paragraphs "THIRTEENTH" through "SEVENTEENTH" an equal "portion" of such residuary property was bequeathed to a named person or persons. The Surrogate construed the words "remainder of my estate", as set forth in paragraph "FOURTH", as leaving to the widow, in addition to the monetary bequest of $125,000, one half of the gross testamentary estate after deducting debts, funeral expenses and administration expenses, but not estate taxes. Under the construction advanced by the executor in the Surrogate's Court, and by the appellant legatee in this court, the words "remainder of my estate" in paragraph "FOURTH" should be equated and read along with the words "rest, residue and remainder of my property", as set forth in paragraph "TWELFTH". Under such a construction, after all administration expenses, debts, taxes, and monetary bequests were deducted from the gross testamentary assets, the widow would receive one half of the balance, and the other half would be divided into five equal portions, pursuant to paragraphs "TWELFTH" through "SEVENTEENTH". We believe that the Surrogate's construction of the will, except for his determination that estate taxes should be paid from the residuary estate, most closely expresses the intention of the testator as to the distribution of the estate. In view of the position in the will of the bequest to the wife, coming as it does, *inter alia,* after the direction for the payment of debts and funeral expenses, and also being the first major dispositional provision in the instrument, it is apparent that the testator intended that she was to be the primary beneficiary and that the extent of her legacy was to be ascertained before any other dispositions were made or computed (cf. *Matter of Rosen,* 156 NYS2d 432). A

provision for the benefit of a widow should be liberally construed in her favor *(Matter of Snowden,* 235 App Div 862; *Matter of Moss,* 230 App Div 741), and should not be diminished unless an intention in subsequent language to so diminish it is expressed in clear, definite and imperative terms *(Matter of Snowden, supra,* p 863). Since the testator and the surviving spouse had no surviving issue by their marriage, a construction favoring her over all of the other beneficiaries named in the instrument should not be defeated by a construction which amounts to a redrafting of the will in order to enhance the interests of the residuary legatees. Furthermore, there is no language contained in paragraphs "FOURTH" and "TWELFTH" remotely indicating that they were to be read together. Moreover, the testator, in paragraph "TWELFTH", stated that he was dividing "all of the rest, residue and remainder of my property * * * into *five equal portions"* (emphasis supplied). Such language clearly evinces an intent that only the persons mentioned in paragraphs "THIRTEENTH" through "SEVENTEENTH" were to share in the residuary property, and that such property was to be divided into five equal parts and not two, as appellant suggests. However, we disagree with the Surrogate's determination that estate taxes should be paid from the residuary estate, and not deducted as part of the administration expenses from the gross testamentary estate. Such interpretation contravenes the will's express direction that estate taxes be paid as an administration expense. Accordingly, estate and transfer taxes are to be paid with the other expenses and deducted prior to computation of the widow's legacy and distribution of the five general legacies (cf. EPTL 13-1.3, subd [e]). Latham, Acting P. J., Margett, Titone and Mollen, JJ., concur.