OPINION OF THE COURT
Bernard M. Bloom, S.
In this proceeding the executors petition to construe the will and reform or modify article fifth, the residuary clause, so as to qualify it for an unlimited estate tax marital deduction under the Economic Recovery Tax Act of 1981 (Pub L 97-34,95 US Stat 172, eff Aug. 13, 1981, hereinafter cited as ERTA).
Testator died on August 18,1982 survived by his wife and four children. A carbon-copy draft of a will was forwarded to the testator for his approval in July of 1981, executed without benefit of counsel on July 1, 1982 and admitted to probate on February 4, 1983.
Article fifth of the will divides the residuary estate into two parts. Fund A is an outright bequest to the surviving spouse of an amount equal to the maximum marital deduction allowable for the Federal estate tax. The balance of the residuary estate, fund B, is bequeathed in trust for the benefit of testator’s wife, Adeline Lepore. The trustee has the power to collect the income and to pay or apply the net income and so much of the principal as the trustee in his discretion determines to be necessary for *251 the support and maintenance of or use by Adeline Lepore during her life. Upon Adeline’s death, the remainder is bequeathed to the testator’s children, per stirpes.
Article fifth defines the terms gross estate and adjusted gross estate “as defined in sections 2031 and 2056 of the Internal Revenue Code, respectively, or in such other statutory provision as shall correspond thereto at the time of my death.” Marital deduction as defined in article fifth is limited to the “marital deduction provided for in section 2056 as amended by the Tax Reform Act of 1976.”
Finally, article fifth includes a savings clause which provides that “if the effect of any provision of this will would be to prevent the allowance of the marital deduction with respect to Fund A, then I direct that such provisions shall not apply to Fund A and that so far as Fund A and its administration are concerned this will shall be read and take effect as if such provision did not exist.”
The difficulty here is that the Tax Reform Act of 1976 (TRA; 90 US Stat 1525) provided an estate tax marital deduction equal to the greater of $250,000 or one half the adjusted gross estate for property passing to the decedent’s spouse. The Economic Recovery Tax Act eliminated this monetary ceiling for estates of decedents dying after 1981. Thus, unlimited amounts of property, except for certain terminable interests, can be transferred to a surviving spouse free of Federal estate taxes.
Accordingly, petitioners contend that the maximum marital deduction bequest in fund A be defined by ERTA rather than by the TRA. Such a construction would allocate the entire residuary estate to fund A (no trust would be created) and no Federal estate tax would be due. The testator’s four children who are the remaindermen of the nonmarital trust and would benefit by its funding have consented to the relief requested in the application.
The cardinal rule in all construction proceedings is to ascertain the intent of the testator from a sympathetic reading of the will in its entirety in view of all the facts and circumstances under which it was framed rather than by focusing upon any single word or phrase. (Matter of Jones, 38 NY2d 189 [1975]; Matter of Kosek, 31 NY2d 475 [1973]; Matter of Flyer, 23 NY2d 579 [1969]; Matter of Fabbri, 2 NY2d 236 [1957].) Once ascertained, intention controls, and the court may add, excise, modify or transpose language or provisions to bring it into harmony with and effectuate the testator’s intent. (Matter of Goldstein, 46 *252 AD2d 449 [4th Dept 1975], affd 38 NY2d 876 [1976]; Matter of Pace, 93 Misc 2d 969 [Sur Ct, Cayuga County 1977].)
Upon examining the dispositive provisions of the will it is abundantly clear that the instrument reflects a testamentary plan which has as its paramount concern the interests of the testator’s spouse, specifically, to give her the largest possible legacy outright while minimizing estate taxes. Evidence of this objective is contained in the nature of the legacy chosen by the testator for his spouse under the estate tax law in effect when the will was drafted — an outright bequest of an amount equal to the maximum marital deduction combined with a nonmarital residuary trust. Considering the trustee’s broad invasion powers for the benefit of the surviving spouse, the remaindermen were merely a secondary concern.
To insure attaining this goal, the testator specifically included a savings clause to negate any testamentary provision preventing the allowance of the maximum marital deduction available at the date of the testator’s death. The Economic Recovery Tax Act removed the existing quantitative limits on the marital deduction for estates of decedents dying on or after January 1, 1982 thereby permitting unlimited amounts of property to be transferred outright to a surviving spouse without incurring Federal estate taxes. Accordingly, the savings clause is triggered by and applies to the marital deduction definition in article fifth which effectively denies the widow the benefit of the available unlimited marital deduction.
Moreover, this court has noted that “it is presumed that all testators desire whenever possible to preserve all allowable estate tax exemptions and deductions. This is particularly true of the substantial allowable marital and charitable deductions.” (Matter of Olson, 77 Misc 2d 515, 518 [Sur Ct, Kings County 1974].) Many cases have reformed charitable remainder trusts to qualify for a charitable deduction if it is clear that the testator’s intent is primarily charitable and a failure to reform the trust would frustrate his intention to obtain a charitable deduction (e.g., Estate of Hopp, NYLJ, June 6, 1985, p 15, col 4 [Sur Ct, Westchester County]; Matter of Webster, 90 Misc 2d 939 [Sur Ct, NY County 1977]; Matter of Otto, 89 Misc 2d 672 [Sur Ct, Nassau County 1977]; Matter of Rayvid, 88 Misc 2d 372 [Sur Ct, Queens County 1976]; Matter of Hammer, 81 Misc 2d 25 [Nassau County 1974]; Matter of Stalp, 79 Misc 2d 412 [Sur Ct, Kings County 1974]). Similarly, there is a constructional preference toward construing the will in a manner most favorable to the surviving spouse (Matter of Berger, 57 AD2d 591 [2d Dept *253 1977]; Matter of Snowden, 235 App Div 862 [2d Dept 1932]; Matter of Moss, 230 App Div 741 [2d Dept 1930], citing Moffett v Elmendorf, 152 NY 475 [1897]; Matter of Tailer, 147 App Div 741 [1st Dept 1911], affd 205 NY 599 [1912]), which includes modifying the will to grant a power of appointment to the wife so as to comply with the requirements for an estate tax marital deduction when it is clear that the testator intended such a result (Estate of Friedman, NYLJ, May 11,1978, p 12, col 5 [Sur Ct, Bronx County]).
Unless the will is reformed to permit an unlimited estate tax marital deduction under ERTA, the estate will be required to pay a substantial Federal estate tax which would not otherwise exist thereby reducing the widow’s maximum outright bequest and defeating the testator’s expressed intention.
Accordingly, the application is granted and the will is modified to add to the definition of marital deduction in article fifth the inadvertently excluded words “or in such other statutory provision as may correspond thereto at the time of my death.” The entire residuary estate shall be allocated to the fund A maximum marital deduction bequest and qualify for the unlimited estate tax marital deduction under Internal Revenue Code (26 USC) § 2056.