OPINION OF THE COURT
C. Raymond Radigan, J.
The issue in this proceeding is whether the decedent’s will should be construed to give the surviving spouse an amount which would qualify for the unlimited marital deduction for Federal estate tax purposes.
The decedent, Barouch Khadad, died on January 2, 1984, a *68 domiciliary of Nassau County. His will, executed on September 25, 1981, was admitted to probate in this court on February 9, 1984, and letters testamentary were issued to the petitioner, Schulamit Khadad, who is also the surviving spouse and Howard A. Minsky. The petitioner asks this court to determine whether a formula bequest made to her in the decedent’s will is equal to an amount which would qualify for the unlimited marital deduction under section 2056 of the Internal Revenue Code (26 USC) or whether it is limited to an amount equal to one half of the decedent’s adjusted gross estate.
The decedent left his entire estate in two parts. In Part A, the decedent created a trust for the benefit of the surviving spouse which would qualify for the Federal marital deduction. Income from the trust is payable to the decedent’s wife, as well as discretionary payments of principal for her benefit. The petitioner was given a general power to appoint the remainder of the trust in her will. In addition, the trustee was directed to pay to the petitioner an outright bequest of $10,000.
Part B of the decedent’s estate was to be poured over into an irrevocable inter vivas trust created by the decedent on January 2, 1981. Under the terms of the trust, income is payable to the petitioner with payment of the remainder on her death to the decedent’s issue.
The amount to be funded to the Part A trust, which is the issue in this proceeding, is set forth in article third of the will as follows: "A. If at my death, my wife, Schulamit Khadad, shall be surviving * * * I give and bequeath to my Trustees an amount, as distinguished from a fractional share of one-half of my adjusted gross estate determined in the Federal estate tax proceeding relating to my estate * * * provided, however, that in no event shall the amount of this Marital Deduction Legacy exceed the amount (if any) required to reduce my taxable estate to the exemption equivalent of the unified credit allowable against Federal estate tax liability for my gross estate.”
Article third further includes a savings clause which provides that "[a]nything to the contrary notwithstanding, the maximum marital deduction mentioned above shall be computed [pursuant] to section 2056 of the Internal Revenue Code or such other statutory provisions that shall correspond thereto and be effective at the time of my death.”
*69 The executors filed a Federal estate tax return and claimed a marital deduction based on the full residuary estate reduced only by the exemption equivalent of the Federal unified credit. During the course of an audit of the estate tax return, the Internal Revenue Service has contested the availability of the unlimited marital deduction, claiming that adding a comma in the provision quoted in article third above, after the words "as distinguished from a fractional share”, would limit the marital deduction to one half of the adjusted gross estate.
The petitioner contends that the attorney-draftsman and coexecutor of the estate, Howard A. Minsky, was aware of the passage of the Economic Recovery Tax Act in 1981 which increased the marital deduction from one half or $250,000 of decedent’s gross estate, whichever is greater, to an unlimited amount. The words "as distinguished from a fractional share of one-half’, the petitioner alleges, were inserted precisely to take advantage of the new unlimited marital deduction. The petitioner further alleges that by limiting the marital deduction trust to one half of the adjusted gross estate, substantial estate taxes would be generated in contradiction of the intent of the decedent. The children and grandchildren of the decedent, who are the beneficiaries of the Part B trust, have consented to the relief requested by the petitioner.
In a construction proceeding to determine the effect of the provisions of a will, the court’s principal concern is the testator’s intent (Matter of Kosek, 31 NY2d 475, 483). The will must be examined as a whole, with particular attention to the decedent’s testamentary plan (Matter of Fabbri, 2 NY2d 236, 240). Generally, the court is restricted to the four corners of the will; however, when the language of the instrument is ambiguous, extrinsic evidence, including the circumstances surrounding execution, is admissible to ascertain the decedent’s intent (Matter of Coughlin, 171 App Div 662; Lefevre v Lefevre, 59 NY 434). It is well settled that the court may insert or disregard punctuation if it is inconsistent with the decedent’s intent (Matter of Nelson, 268 NY 255, 258).
In the instant proceeding, the language of the decedent’s will is ambiguous. However, insertion of a comma after the words "fractional share”, although correcting the language grammatically, would not aid the court’s determination of the decedent’s intent.
From a reading of the will as a whole it appears that the decedent had two overriding concerns. First, the will reflects *70 an intent to benefit the surviving spouse. The estate was left in two parts, both of which benefit the petitioner. Part A, the marital deduction trust, gives the petitioner rights to the income from the trust, discretionary payments from the principal, and the right to appoint the remainder to her estate if she so desired. Part B, the pour-over trust, also gives the wife a right to all of the income from the trust, with remainder to the decedent’s issue, none of whom contest the petitioner’s construction of the will. In addition to this testamentary plan there is a general preference, when construing a will towards a determination most favorable to the surviving spouse (Matter of Berger, 57 AD2d 591, 593).
Second, the will reflects an attempt to reduce Federal estate taxes to the smallest amount possible. It has been noted that when such an intent is evident, the court will construe the will in a manner consistent with this result (Matter of Lepore, 128 Misc 2d 250; IRS Priv Ltr Rul 8501007). While it is true a letter ruling may not be cited as precedent (26 USC § 6100 [J] [3]), they are entitled to some weight (cf., Jewett v Commissioner, 455 US 305, 318).
In this regard, the will also demonstrates an intent to take advantage of the marital deduction laws in effect at the time of the decedent’s death. The will specifically refers to computation of the "maximum marital deduction” pursuant to statutory provisions relating to the marital deduction that shall "be effective at the time of [the decedent’s] death”. This language, together with the use of a formula marital deduction clause demonstrate an intent to benefit the petitioner in the greatest amount that would both satisfy the marital deduction and produce the greatest estate tax savings. Unless the will is construed to allow an unlimited marital deduction the estate would be required to pay a substantial Federal estate tax which would defeat the expressed intent of the decedent. The court, therefore, construes the will as providing for an unlimited marital deduction reduced by the exemption equivalent to the unified credit.