OPINION OF THE COURT
John M. Thomas, S.
In this trust accounting, the estate of the life income beneficiary and one of the remaindermen present to the court through a stipulation of facts and briefs on the relevant law their dispute regarding charges against, and distribution of, principal and income.
The facts leading to various objections of the parties to the final account can be briefly summarized as follows. John P. Saxton died a resident of this county on the 6th day of November 1958. By the terms of Mr. Saxton’s will, admitted to probate by this court on the 18th day of November 1958, after certain general bequests a residuary trust was established with a lifetime payment of income and necessary principal for the benefit of the decedent’s surviving spouse, Anna E. Saxton, and upon her death the remainder interest was payable outright to the decedent’s two daughters, Mary Rita Crittenden and Patricia McDonald.
The decedent’s surviving spouse Anna E. Saxton died on March 12, 1993, thus terminating her life estate. The Manufacturers & Traders Trust Co., successor in corporate interest to the original named corporate trustee, The Endicott Trust Company, filed its final account as trustee on November 4, 1993, showing on hand as of March 12, 1993, among other assets 53,692 shares of IBM stock with a market value of $2,986,617.50.
*441 The particular terms of the decedent’s last will and testament which are germane to the dispute are in paragraph fourth which leaves a residuary trust to The Endicott Trust Company "To invest and reinvest the same and to collect the income thereof and after paying from such income all taxes, charges and expenses of this Trust, to pay over the net income remaining to my wife, anna e. saxton, during her lifetime; said payments of income to be made in quarter annual-installments or in the discretion of my said trustee at more frequent intervals.” Upon the death of the decedent’s wife, the trustee is directed to "pay over the balance of the principal of said trust together with any accrued and unpaid income after deducting all charges and expenses of the trust.”
Both the executor of the estate of the life beneficiary Anna E. Saxton and the decedent’s daughters holding the remainder interest have filed objections to the trust accounting, and certain of those objections relative to the division of income and principal are now before the court by submission.
The trustee’s account shows that from the inception of the trust the bank paid its annual commissions, one-half from principal and one-half from income, until December of 1985 at which time the bank commenced charging all annual commissions to income. The total commissions paid subsequent to 1985 to the termination of the trust is $171,085.99 of which the estate of Anna E. Saxton now claims one-half, or $85,542.99 as being those commissions wrongly allocated to income. The Anna E. Saxton estate argues that since the applicable statute in effect at the time that John P. Saxton’s will was executed (SCPA 2309 [3]) provided that annual commissions were to be paid one-half from income and one-half from principal unless the will "otherwise explicitly provides”, and the language of the will, supra (all taxes, charges and expenses of this trust) makes no mention of commissions, the division between income and principal which the bank practiced from 1959 to 1985 should have continued. The remainder interest represented by Mary Rita Crittenden on the other hand maintains that the language contained within the will is sufficient to take the statute out of control and that indeed all of the commissions taken by the bank from 1959 to the termination of the trust should have been charged to income, and therefore seeks the total commissions charged to principal of $106,020.96 to be restored to the principal account and remitted to the remaindermen. Additionally there is $5,041.47 of other trust expenses, principally fiduciary income tax re *442 turns which the remainderman contends should be also charged to income based upon the language of the will, thus the total sought by Mary Rita Crittenden is $111,062.43. Turning first to the statutory language, the provisions of SCPA 2309 (3) are now contained in SCPA 2312 (5), and the word "expressly” has been substituted for the previous word of "explicitly”. Most recently the fractional division between principal and income has been changed from one-half and one-half to one-third payable from income and two-thirds payable from principal (L 1993, ch 640). Research by respective counsel and this court discloses no reported cases construing this section relative to the proper construction of the provisions "unless the will * * * expressly provides otherwise.” We are thus relegated to the lexicographers and periphery case law for guideposts to the proper answer. The remainderman in her contention that all commissions and trust expenses should be charged to income emphasize the provisions of the will which direct that the trustee is to collect the income and, "after paying from such income all taxes, charges and expenses of this Trust, to pay over the net income.” (Emphasis added.) She argues that this language is sufficient, express direction under the statute that all expenses of the trust, whether they be taxes, charges or in this case commissions, should have been paid from income. The estate of the life beneficiary on the other hand emphasizes the language of the statute and maintains that since the terms of the will do not specifically state that commissions are to be deducted from income, that the will fails to "expressly or explicitly” take the trust out of the proviso of the statute for an even division of commissions between principal and income. Both litigants bootstrap their contentions by arguing the logic of their conclusions and attempt to impute intent on the part of the testator. The executor for Anna Saxton maintains that it must be presumed that the decedent intended to benefit his surviving wife to the greatest degree possible, and citing Matter of Berger (57 AD2d 591) and similar cases contends that such presumed intent is not to be diminished except when expressed in clear, definite, and imperative terms. Additionally the life tenant’s executor points out that in the beginning stages of the trust, the corpus generated a relatively small amount of income and that if the total commissions were payable from income, there would be insufficient available for Mrs. Saxton’s support. This fails however to recognize that the income of the trust always exceeded all commissions and expenses and further to take *443 into consideration the over $100,000 in jointly held property and insurance that passed to the surviving spouse by operation of law at the death of the testator. Mary Rita Crittenden representing the remainder interest argues that the statute in question does not require the use of the term "commissions” and merely requires the directive to be explicit and that by the use of the term "all charges and expenses” it is sufficient compliance. In support of this argument she cites sections 94 and 96 of McKinney’s Consolidated Laws of NY, Book 1, Statutes, which provide in sum that statutes are construed according to their natural and most obvious sense and should be given a rational interpretation consistent with achieving the statutes’ purpose. Further, she asserts that to reach the result advocated by the estate of Anna E. Saxton would in substance be to ignore the word "all.” The trustee attempts to justify both the division of the commissions between income and principal in the beginning years of the trust and then its abrupt change to charging all commissions to income during the latter years of the trust by contending that such action was at the express or implied consent of Mrs. Saxton, the income beneficiary. Such conjecture is mere supposition, however, not founded or anchored with any real evidence before the court.
The task of the court then is to interpret the statute as it may apply to the facts presented in this case and then to construe the provisions of the language in the will to that interpretation. Statutory language is to be construed according to its natural and most obvious sense without resorting to artificial or forced construction (Statutes, op. cit., § 94; Matter of Schmidt v Roberts, 74 NY2d 513, 520). The basic consideration is the general spirit and purpose underlying the statute (Statutes, op. cit., § 96), and the literal meaning of words are not to be used to defeat the general purpose and manifest policy intended to be promoted by the statute (Statutes, op. cit., § 111). In view of this rule, courts are not confined in a straightjacket by the literal meaning expressed in a single word or isolated section of a statute (People ex rel. City of New York v Hoar, 191 Misc 292, 294). While not controlling, the definition of words found in dictionaries may be used as guideposts in determining the sense and purpose of the statute (Statutes, op. cit., § 234). Here it is important to observe that such definitions are guides and not edicts (City of Rochester v Schonleber, 9 Misc 2d 160, 165). The purpose of the statute is to provide a statutory formula for the division of commissions *444 between income and principal when there is no clear direction under the terms of the last will and testament. Webster’s Third New International Dictionary (Unabridged) (1961) defines as explicit or explicitly that "characterized by full clear expression: being without vagueness or ambiguity: leaving nothing implied.” Black’s Law Dictionary (579 [6th ed 1990]) states that explicit means "[n]ot obscure or ambiguous, having no disguised meaning or reservation” and Black’s Law Dictionary (522 [5th ed 1979]) defines expressly as "[i]n an express manner; in direct or unmistakable terms; explicitly; definitely; directly.” In essence, the statute looks for a clear and unmistakable direction under the terms of the will of how annual commissions are to be divided. When the rules of construction, supra, are applied to the language of John Saxton’s will, this court finds that such clear and unmistakable direction is present and therefore dismisses the objection of the estate of Anna E. Saxton and sustains the objection of the remainder interest. In analyzing the language of the will in its relationship to the statute as interpreted, the court is swayed by certain key elements. First the language: paragraph fourth, subparagraph a "and after paying from such income all taxes, charges and expenses of this Trust to pay over the net income remaining to my wife”. The testator directed that all charges and expenses of the trust be deducted from income. If commissions are construed to be charges or expenses of the trust, then they must be deducted from income.
 While the word "charge” has not been specifically construed in case law as meaning commissions, the word is synonymous with expense, cost, fee, etc. (see, Webster’s Encyclopedia Unabridged Dictionary 248 [1989]). The word "expense”, as it relates to the administration of an estate or trust, has always included commissions according to the text writers and case law (see, Turano and Radigan, New York Estate Administration § J [1], at 165; 27 Carmody-Wait 2d, Surrogate Court & Estate Practice, §§ 159:47-159:52; 1 Board-man’s Estate Management and Accountings § 187.01 [2d ed]; 4 Warren’s Heaton, Surrogates’ Courts § 344 [1] [6th ed]; 2 Harris, New York Estates Practice Guide § 525 [3d ed]; 106 NY Jur 2d, Trusts, § 511, at 553-555; and Matter of Henke, 39 Misc 2d 705, 709; Commissioner of Internal Revenue v Bronson, 32 F2d 112, 114, 115). Of equal significance is the testator’s direction, "to pay over the net income remaining to my wife.” (Emphasis added.) "Net income” is a technical term of legal significance used by attorneys and accountants in estate *445 matters to designate that which remains after the deduction of commissions and other expenses of administration of a trust or an estate (see, New York Life Ins. & Trust Co. v Sands, 24 Misc 102, 106; Matter of Young, 15 App Div 285). Of consequence the court determines the clear and unequivocal language of the will directs that the trustee’s annual commissions should have been paid totally from income from the inception of the trust and therefore directs a credit to the interest of Mary Rita Crittenden of one half of the commissions wrongfully charged to principal in the amount of $53,010.48. Additionally to be credited to Mrs. Crittenden is one half of Schedule C expenses paid by the trustee from principal or $2,520.74. There shall be excepted however from such sum one half of any amounts directly attributable to capital gains tax on the sale of any part of the trust corpus (see, EPTL 11-2.1 [,l] [4] [C]). The court has awarded one half of the commissions and charges since generally persons interested in an estate who have not filed objections to a final accounting cannot benefit from the objections filed by others (see, Matter of Stumpp, 153 Misc 92; Matter of Brady, 155 Misc 242, affd 246 App Div 619; Matter of Sullivan, 289 NY 323). Patricia A. McDonald, although joining her sister Mary Rita Crittenden in objecting to other aspects of the account, did not join her sister in filing the objections that are here presented to the court and therefore cannot participate therein. The court recognizes that there are exceptions to this rule, but concludes in this case that the items in question do not fall within one of the exceptions. This is not an improper computation of commissions (Matter of James, 23 AD2d 529), but merely a redistribution of the commissions between principal and income. This is not bringing new funds into an estate as was the case in Matter of Koch (184 Misc 1), and Matter of Harrison (44 AD2d 380, affd 36 NY2d 996), or the refund of a fee found by the court to be excessive (Matter of Brennan, 110 NYS2d 301).