OPINION OF THE COURT
C. Raymond Radigan, J.
In these construction proceedings, the trustees of two identi *481 cal inter vivos trusts seek the court’s construction of Article II of the trusts. The trusts were created on December 20, 1991, one for each of the settlor’s two infant grandchildren. Thereafter, a series of gifts was made to each of the trusts.
Article II of the trusts provides as follows:
“The Trustee shall hold, manage, invest and reinvest the trust fund and shall collect the income therefrom and shall pay all taxes and expenses of the trust, commissions if applicable, as hereinafter provided, and shall distribute the net income and principal thereof for the sole benefit of ilana asserson, grandchild of the Grantor (hereinafter referred as the Beneficiary), upon the terms hereinafter set forth:
“A. The trustee shall accumulate and add to principal annually the income of the trust until such Beneficiary attains the age of twenty-one (21) years.
“B. When the Beneficiary attains the age of twenty-one (21) years the trust shall terminate. The Trustee shall thereupon pay over and distribute to the Beneficiary outright and absolutely the then principal of the trust, together with all net income on hand or accrued.
“C. In the event the Beneficiary shall [have] died before attaining the age of twenty-one (21) years, the entire trust estate as it shall then exist, both principal and accumulated income, if any, shall be paid and distributed to said Beneficiary’s estate.
“D. In lieu of making direct payments of expenses for the Beneficiary, the Trustee may make payments to the guardian of her person, or property, or to any person with whom such Beneficiary shall reside and the receipt of such person shall be a complete and binding release to the Trustee hereunder.”
The settlor of the trusts has now died and a dispute has arisen with the Internal Revenue Service (IRS) over the proper interpretation of Article II. The petitions allege that the IRS has determined that Article II does not comply with Internal Revenue Code (IRC [26 USC]) § 2503 (c) and therefore, the gifts to the trusts do not qualify for the $10,000 annual exclusion from gift tax, resulting in additional State and Federal estate tax in the estate of the settlor, as well as the loss of part of his exemptions from generation-skipping tax.
IRC § 2503 (c) provides as follows:
“(c) Transfer for the benefit of minor. — No part of a gift to an individual who has not attained the age of 21 years on the date of such transfer shall be considered a gift of a future interest *482 in property for the purposes of subsection (b) if the property and the income therefrom—
“(1) may be expended by, or for the benefit of, the donee before his attaining the age of 21 years, and
“(2) will to the extent not so expended—
“(A) pass to the donee on his attaining the age of 21 years, and
“(B) in the event the donee dies before attaining the age of 21 years, be payable to the estate of the donee or as he may appoint under a general power of appointment as defined in section 2514(c).”
Evidently, the IRS has taken the position that the direction in paragraph A of Article II to accumulate and add to principal the income of the trust until the beneficiary attains age 21 violates IRC § 2503 (c) (1).
It almost does not bear mentioning that the primary purpose of the court in a construction proceeding is to ascertain and give effect to the intentions of the testator or settlor (Matter of Larkin, 9 NY2d 88; Matter of Fabbri, 2 NY2d 236). This intention is not to be gleaned from any particular word or provision but from a sympathetic reading of the instrument as a whole (11 Warren’s Heaton, Surrogates’ Courts § 187.01 [4] [a] [6th ed rev] [and cases cited therein]).
The court may be aided in ascertaining this intent by the use of presumptions and canons of construction. First, the court may engage the presumption that a testator or settlor intends to preserve all allowable estate tax exemptions and deductions (Matter of Lepore, 128 Misc 2d 250). Also, in construing the instrument, the court should attempt to give meaning and effect to all words used therein unless to do so would be in contravention of the settlor’s intent (Eidt v Eidt, 203 NY 325). Furthermore, “[w]hen inconsistent provisions cannot be reconciled, the court will give effect to the intention that the testator would have preserved” (11 Warren’s Heaton, Surrogates’ Courts § 187.03 [3], at 187-111 [6th ed rev]).
Bringing the foregoing to bear on Article II of the trust instruments, it is clear to the court that the settlor intended to permit expenditure of both principal and income to the beneficiary. As noted in the report of the guardian ad litem appointed to represent the infants, the reference in paragraph C to principal and income “if any” implies the possibility that both principal and income may have been exhausted before the beneficiary reached the age of 21. Also to reach IRS’s conclusion, *483 the court would have to completely ignore paragraph D which authorizes payments from the trust to the child’s guardian in lieu of direct payments to the beneficiary. This again implies that payments could be made directly on behalf of the child or to her guardian. The guardian’s term of office expires upon the child’s majority, clearly implying that payments could be made to or on behalf of the child before attaining age 21.
Accordingly, the court construes Article II of the subject trusts to authorize expenditure of the trust assets, both income and principal, to or on behalf of the infant beneficiaries prior to their attaining age 21.