Matter of Sukenik (2018 NY Slip Op 04658)





Matter of Sukenik


2018 NY Slip Op 04658


Decided on June 21, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 21, 2018

Richter, J.P., Tom, Mazzarelli, Gesmer, Moulton, JJ.


20A/14 6950 6949

[*1] In re Charles Sukenik, Deceased. Vivian J. Sukenik, Petitioner-Appellant.


Farrell Fritz, P.C., Uniondale (Eric W. Penzer of counsel), for appellant.



Decree, Surrogate's Court, New York County (Nora S. Anderson, S.), entered November 16, 2016, pursuant to an order, same court and Surrogate, entered June 28, 2016, which denied the petition to reform an inter vivos trust and designation on an IRA beneficiary form, unanimously reversed, on the law, and the petition granted, without costs. Appeal from above order unanimously dismissed, without costs, as subsumed in the appeal from the decree.
The petition should have been granted. Decedent's intent to minimize taxes and provide for his wife of 39 years was apparent in the donative instruments. The Will and Trust agreements demonstrated his intent to take full advantage of all deductions and exemptions provided by law. For example, Article One, paragraph C of the Trust agreement specifically stated that the Trust funds could be transferred to the philanthropic fund only if it was a tax exempt entity, and Article Three authorized the trustee to sell assets in order to minimize taxes payable by beneficiaries. Article Eleventh of the Will also permitted the executor to make certain elections in order to reduce taxes. Furthermore, the presumption that testators intend to take full advantage of tax deductions and exemptions, the lack of opposition, including by the State of New York, and the presumption in favor of widows, all favor petitioner's requested reformation (see e.g. Matter of Berger, 57 AD2d 591 [2d Dept 1977]; Matter of Hicks, 10 Misc 3d 1078[A], 2006 NY Slip Op 50118[U] [Sur Ct, Nassau County 2006]; Matter of Lepore, 128 Misc 2d 250 [Sur Ct, Kings County]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 21, 2018
CLERK