| |
|---|
| **Matter of Lang Revocable Trust** |
| 2024 NY Slip Op 32562(U) |
| July 23, 2024 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2023-787/A |
| Judge: Hilary Gingold |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

New York County Surrogate's Court
DATA ENTRY DEPT.

JUL 2 3 2024

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------x
In the Matter of the Application of Lillian M. Lang and
Goldman Sachs Trust Company, N.A., as co-Trustees
for Construction and Reformation of

DECISION
File no. 2023-787/A

The Lang Revocable Trust,

u/a/d October 26, 1996, as amended and restated

------------------------------------------------------------------------x
G I N G O L D, S.

Monte Lang (hereinafter the "decedent") died on December 20, 2022, and was survived by his wife, Lillian M. Lang (hereinafter "decedent's wife"), his adult children, Brian E. Lang and Kevin S. Lang, and his three adult grandchildren, Robyn E. Lang, Grant M. Lang, and Julia K. Lang. The decedent's last will and testament dated January 31, 2018, was admitted to probate on April 28, 2023. Decedent left his residuary estate to the Trustees of the Lang Revocable Trust Agreement created under Trust Agreement dated October 26, 1996, as amended and restated (hereinafter the "Trust Agreement").

Lillian M. Lang[1] and Goldman Sachs Trust Company, N.A., petitioned this court for construction and reformation of the Trust Agreement, namely Article VII(A), pursuant to SCPA § 1420(1), to permit a marital deduction sufficient to reduce the decedent's federal and state estate taxes. Specifically, petitioners request that this court construe and reform Article VII(A) as follows:

> "Upon the death of the first of the Grantors to die, the Trustees shall pay over and distribute the Sum (as hereinafter defined) to the Trustees of the Family Trust (as hereinafter defined), to be held, administered, and disposed of in accordance with the provisions

---

[1] Initially, decedent's wife and Goldman Sachs Trust Company, N.A., as co-trustees, petitioned this court for construction and reformation. Thereafter, decedent's wife resigned as co-trustee of all trusts under the Trust Agreement, and Brian E. Lang accepted appointment as co-trustee.

thereof. The 'Sum' shall equal to the largest amount that can pass free of Federal and state estate tax under this Article by reason of the tax referred to in Code Section 2001(b)(2) and the applicable credit amount (unified credit) against Federal estate tax allowable to the deceased Grantor's estate and the corresponding provisions of state law, but no other credit, and after taking into account all adjusted taxable gifts made by the deceased Grantor during the deceased Grantor's lifetime and any reduction in them pursuant to Section 25.2701-5 of the Regulations (as hereinafter defined), dispositions of property under other Articles of this Trust Agreement at the deceased Grantor's death, property passing outside of this Trust Agreement which is included in the deceased Grantor's Gross Estate (as hereinafter defined) and which does not qualify for the marital or charitable deduction, and charges to principal that are not allowed as deductions in computing the deceased Grantor's Federal estate tax. For the purpose of establishing the Sum, the values finally fixed in the Federal or state estate tax proceeding relating to the deceased Grantor's estate shall be used. The Grantors recognize that the Sum may be affected by the action of the Trustees in exercising certain tax elections."

This proceeding is uncontested as all interested parties, including the New York State Department of Taxation and Finance, have filed waivers of citation and consent to the entry of a decree.

Discussion

SCPA § 1420 (1) authorizes a court to determine the "validity, construction or effect of any provision of a will . . . [and] take such proof and . . . make such decree as justice requires." The rule in all construction proceedings is to ascertain the testator's intent as expressed in the will (*Matter of Larkin's Will*, 9 NY2d 88, 91 [1961]; *Matter of Lepore*, 128 Misc 2d 250, 251 [Sur Ct, Kings County 1985] [reforming testator's will to permit unlimited estate tax marital deduction under the Economic Recovery Tax Act of 1981, eliminating substantial federal estate tax owed, increasing surviving spouse's bequest, and furthering testator's intent]). The intent is "gleaned not from a single word or phrase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed" (*Matter of*

2

*Fabbri*, 2 NY2d 236, 240 [1957]). There is a preference in construing a will in a manner most favorable to the surviving spouse (*Matter of Lepore*, 128 Misc 2d at 252-253). Furthermore, it is presumed "that all testators desire whenever possible to preserve all allowable estate tax exemptions and deductions . . . particularly . . . the substantial allowable maritable and charitable deductions" (*Matter of Olson*, 77 Misc 2d 515, 520 [Sur Ct, Kings County 1974]). The "constructional preference is toward favoring the spouse and toward limiting estate taxes" (*id.; see also Matter of Brecher,* NYLJ, Jan 13, 2017 at 24 col 1 [Sur Ct, NY County] ["Indeed, the New York 'cliff tax' applicable to decedent's estate will render the estate's New York estate tax liability particularly substantial, absent the remedy that petitioners now seek."]).

Petitioners state that unless the Trust Agreement is reformed, the decedent's estate will be required to pay substantial New York estate taxes which would defeat the testator's expressed intention—to benefit his surviving wife and to minimize estate taxes. Without this remedy, the estate will have a substantial New York estate tax liability.

The court's reading of the decedent's will establishes that the decedent intended to maximize his surviving spouse's inheritance and to minimize estate taxes. This can be seen by (1) decedent's bequest of the maximum amount that could pass free of Federal estate tax to a credit shelter trust and a bequest of the residuary estate to a marital trust for her exclusive benefit; (2) the trustees' broad invasion power under the Family Trust including that the trustees "shall consider the needs of the surviving Grantor [decedent's spouse] as paramount to the needs of any of the other beneficiaries"; and (3) the Trust Agreement was "established to ensure that the best available care and support is provided to the living Grantor(s) [decedent's spouse] to meet all of the lifetime needs of the living Grantor(s). All assets of the Trust are to be considered available for that purpose, and the Trustees shall at all times be guided by that purpose and intent." Based on the

3

proof submitted, the court exercises its power to construe and reform the Trust Agreement to carry out the decedent's intention. Accordingly, in the absence of any objection by any interested party, including the New York State Department of Taxation and Finance, the petition is granted.

Submit decree.

The Clerk of the Court shall email a copy of this decision to counsel listed below.

Dated: July 23, 2024

_____
S U R R O G A T E

To:

Rachel D. Mansdorf, Esq.
Loeb & Loeb LLP
rmansdorf@loeb.com
*Attorney for Petitioners*

4